## STATE v. JOYNER.

(November 20, 1900.)

*Removal of Causes—Mayor—Justices of the Peace—Criminal Law—Ordinances—Venue.*

In a prosecution for violation of a town ordinance before a mayor, the defendant is not entitled to a removal.

INDICTMENT against William A. Joyner for violation of a town ordinance, heard by Judge *Henry R. Bryan* and a jury, at July Term, 1900, of CABARRUS Superior Court. From verdict of guilty and judgment, the defendant appealed.

*Zeb. V. Walser,* Attorney-General, and *L. F. Hartsell,* for the State.

*Montgomery & Crowell,* for the defendant.

CLARK, J. The defendant was tried before the Mayor of Concord upon a warrant for violation of a town ordinance. In apt time he filed an affidavit to remove the cause to some Justice of the Peace in that township. This being denied, he excepted. He was adjudged guilty, and fined three dollars. On appeal in the Superior Court, he moved to remand the cause to the Mayor, that it might be so removed. This being denied, the defendant excepted. He was tried, found guilty, sentenced to pay a fine of three dollars, and appealed.

Code, sec. 907, provides: "In all proceedings and trials, both criminal and civil, before Justices of the Peace, the Justice before whom the writ, or summons, is returnable, shall, upon affidavit, made by either party to the action, that he is unable to obtain justice before him, move the same to some other Justice residing in the same township," etc. There can be little, if any, doubt that, but for the statute, the filing of

such petition that a party "can not get justice" would be a
contempt of court.    The act, by its terms, is restricted to Jus-
tices of the Peace, and the courts are not authorized, nor in-
clined to extend it to Mayors, or other judicial officers not
named therein.    It is true that by virtue of The Code, (sec.
3820), violation of a town ordinance is a misdemeanor, and
hence a Justice of the Peace has jurisdiction (*State v. Wood,*
94 N. C., 855), and that, if a Justice of the Peace had been
trying this cause, it could have been removed upon filing an
affidavit under Code, sec. 907; but it does not follow that it
could be removed when the Mayor is trying the case, for he
is a different officer, selected by a different constituency.    He
does not become a Justice of the Peace simply because he is
exercising jurisdiction which the Justice of the Peace might
concurrently exercise.    Code, sec. 1132, authorizes the Jus-
tices of this Court, the Judges of the Superior, Inferior, and
Criminal Courts, and Mayors, to issue warrants for the arrest
of persons charged with any crime, equally with Justices of
the Peace; but that does not make all these other judicial
officers, including Mayors, Justices of the Peace, even *pro hac
vice.*    A party who should so construe the statute, and
should file an affidavit for removal before any Judge "because
he could not get justice," would doubtless find himself pun-
ished for contempt.    Code, sec. 3818, makes the Mayor of
every city, or town, an "inferior court," and a Magistrate
and conservator of the peace, and confers on him the jurisdic-
tion of a Justice of the Peace in all criminal matters.    This
merely adds the powers of a Justice of the Peace in criminal
matters *ex officio* to the office of Mayor.    It does not make
him a Justice of the Peace.    To a certain extent, he is that,
but he is more besides.    Nor has he, by that section, the civil
jurisdiction of a Justice of the Peace.    The two offices are
distinct, though exercising concurrent jurisdiction in some

matters.    Counsel for defendant lay stress on the words "shall be a Magistrate and conservator of the peace," but the context shows (by not giving the civil jurisdiction) that the word "magistrate" is not there used as a synonym for Justice of the Peace, but in the same general sense of a peace officer and conservator of the peace; as when we speak of the Governor, or President, as the Chief Magistrate.    The latter part of the section, providing that the rules of law regulating proceedings before a Justice of the Peace shall be applicable to proceedings before a Mayor, and that he shall be entitled to the same fees, refers to the ordinary proceedings on the trial of causes depending before him, and neither gives the Mayor the same functions (such as civil jurisdiction) as Justices of the Peace, nor subjects the Mayor by construction to the provisions as to removal of causes under sec. 907, which does not name the Mayor, but by its terms is restricted to Justices of the Peace.    In all sections of The Code, in which it is intended to confer upon Mayors, or other officers, the same jurisdiction of any matter which is exercised by a Justice of the Peace—as in section 1132—the "Mayor of any town, or city," is named as such, not being comprehended *ex vi termini* under the term "Justices of the Peace."    Of course, the same must be true of section 907.

No error.