STATE v. CHARLES LORD.

(Filed 27 November, 1907).

1. **Recorder—Justice of the Peace ex officio—Costs.**
    The fee of the recorder of a city for the trial of an offense should, in proper instances, be taxed against the defendant as a part of the costs, upon the trial in the Superior Court, upon appeal, when it is provided by statute that he shall be an "*ex officio* justice of the peace, and, before assuming the duties of his office, shall take. the oath required by law to be taken by justices of the peace."

2. **Same—Justice of the Peace—Two Offices—Constitutional Law.**
    Article XIV, section 2, of the Constitution does not forbid appellant to hold the position of Recorder of the Town of Charlotte and the office of justice of the peace at the same time.

    (*State v. Joyner*, 127 N. C., 542, distinguished).

THE defendant was arraigned in the Superior Court of MECKLENBURG County, September Term, 1907, charged with the illegal sale of liquor, and pleaded guilty; *Ferguson, J.,* presiding.

The Court refused to tax certain costs claimed by W. M. Smith, recorder and *ex officio* justice of the peace for the city of Charlotte.    Said Smith excepted and appealed.

*Assistant Attorney-General Clement* for the State.
*John A. McRae* for appellant.
*F. M. Shannonhouse* for defendant Lord.

BROWN, J.    The charter of the city of Charlotte creates a recorder's court for said city, defines its powers and jurisdiction, and provides for the election of a recorder.    Section 53 provides: "That said recorder shall be an *ex officio* justice of the peace, and, before assuming the duties of his office, shall take the usual oath required by law to be taken by the justices of the peace, and also an oath to honestly and faithfully perform the duties of his office."

One Earnhardt, a duly qualified justice of the peace, who also acts as desk sergeant at police headquarters in said city, issued a warrant for defendant and made it returnable before

W. M. Smith, the appellant, who is the recorder and *ex officio* justice of the peace. Upon the hearing, Smith bound the defendant over to the Superior Court. It is contended that the act of Earnhardt, justice of the peace, was illegal; that the hearing before Smith was void, and that therefore the latter's costs cannot be taxed. His Honor so held, in which ruling we do not concur.

Section 3162 of the Revisal provides that persons arrested under any warrant issued for any offense, where no provision is otherwise made, shall be brought before the magistrate who issued the warrant, etc. The clause, "where no provision is otherwise made," clearly implies that the magistrate who issued the warrant had the authority to make the warrant returnable before himself or before some officer having like jurisdiction, to conduct the preliminary hearing.

The court of the recorder exercises a jurisdiction limited to the city of Charlotte, and its criminal jurisdiction may be somewhat greater than that of a justice of the peace. If the Legislature had not also made the incumbent of the office of recorder a justice of the peace, we should have no hesitation in holding that a justice of the peace could not lawfully make a warrant returnable before that court any more than he could make it returnable before the Superior Court. Having been appointed a justice of the peace by the General Assembly, and having duly qualified as such, the incumbent of the recorder's office is invested with the complete jurisdiction of a justice of the peace, as defined by our Constitution, in addition to that which he exercises as recorder by virtue of the city charter. There is nothing in our fundamental law which forbids the appellant to hold the office of recorder and justice of the peace at one and the same time. Article XIV, section 7, Constitution.

We will, of course, presume that, when the appellant had the warrant made returnable before him, he acted in his capacity as a justice of the peace, and bound the defendant over to the Superior Court. We, therefore, think that the

lawful fees prescribed by law for a justice of the peace should have been taxed against the defendant.

There is nothing in *State v. Joyner,* 127 N. C., 542, which militates against our conclusion.   In that case the mayor was not created a justice of the peace and required to qualify as a justice of the peace.   He simply exercised the jurisdiction which a justice of the peace might concurrently exercise. That did not make him a justice of the peace.   The appellant, Smith, is a justice of the peace, and as such he may lawfully exercise all the constitutional jurisdiction, in addition to his jurisdiction as recorder, which any other justice of the peace in his township may exercise.   He is required to take the oaths prescribed by law for justices of the peace and the additional oath prescribed by the charter to honestly and faithfully perform the duties of his office as recorder.   The case is remanded, with directions to tax the fees allowed by law to the appellant as a justice of the peace.   The costs of this Court are to be taxed against appellee, defendant Lord.

