*372
 
 Ruffin, Chief Justice.
 

 — In the opinion of the Court, there is error in the instructions given to the jury. The amount of damages may depend on the acts done on the land, and the extent of injury to it therefrom. But it is an elementary principle, that every unauthorised, and therefore unlawful entry, into the close of another, is a trespass. From every such entry against the will of the possessor, the law infers some damage; if nothing more, the treading down the grass or the herbage, or as here, the shrubbery. Had the
 
 locus in quo
 
 been under cultivation or enclosed, there would, have been no doubt of the plaintiff’s right to recover. Now our Courts have
 
 for
 
 a long time past held, that if there be no adverse possession, the title makes the land the owner’s
 
 dose.
 
 Making the survey and marking trees,' or making it without marking, differ only in the degree, and not in the nature of the injury. It is the entry that constitutes the trespass. There is no statute, nor rule of reason, that will make a wilful entry into the land of another, upon an unfounded claim of right, innocent, .which one, who sat up no title to the land, could not justify or excuse. On the contrary, the pretended ownership aggravates the wrong. Let the judgment be reversed, and a new trial granted.
 

 Per Curiam. Judgment reversed.