Pearson, J.
 

 The gist of the offence of forcible trespass is a high handed invasion of the actual possession of another,
 
 he being present
 
 — title is not drawn in question. According to the evidence in this case, Mrs Mitchell Was, on the morning of the first of November, in possession of the house. The defendants entered with her permission tod acquired the possession from her, in the absence of the prosecutor, and, although he came afterwards and entered into the house, and the defendants there opposed his bringing in his household goods, it did not make them guilty of a forcible trespass. • It may be they wer® guilty of a forcible detainer»
 

 
 *377
 
 If two are in the same house,' the law adjudges the possession in him, who has title ; but not so, as, by relation back, to make the other guilty of a forcible trespass, when the entry was without force.
 

 We think his Honor erred in the instructions given.
 

 It is insisted, that the defendants, being properly convicted upon the second count, that will sustain the judgment, notwithstanding the error in the'charge in reference-to the hirst count. It is true, when one count in an indictment is defective, and another count is good, and there is a general verdict, a motion in arrest cannot be sustained ; for, the good count warrants the judgment, and, although the punishment is
 
 discretionary,
 
 the judgment is presumed to have been given upon the good count.
 

 In this case, both counts are good. There was error in the instruction given on one of the counts, by reason whereof the defendants were improperly convicted upon that count, and are entitled to a
 
 venire de novo ;
 
 for, as his Honor thought the conviction was proper on both counts, and both counts are good, we must presume, that the amount of the fine imposed was fixed on, in reference to both counts ; whereas, if the defendants had been acquitted upon the first count, as they should have been in our opinion, the punishment would have been imposed, in reference to the last count only, which was much the-less aggravated offence. Indeed, the attention of the Court and jury seems to have been directed exclusively to the first count; and the Court believing, that, according to the evidence, the defendants were guilty upon that count, it made no difference how the jury found upon the second count, which was included in the first.
 

 PER CuRIAM, Let there bo a
 
 venire de novo.