STATE *vs.* JACOB HANKS *et al.*

1. The object of the act of 1865-'66, entitled "An act to prevent willful trespass on lands," &c., was to keep of intruders, and to subject them to indictment if they invaded the possession after they had been forbidden.

2. A forcible trespass "is a high-handed invasion of the actual possession of another, he being present. the title is not drawn in question. Where, therefore, a person who had made an entry, believing a tract of land to be vacant, and had procured a warrant of survey, and under said warrant of survey, had entered upon the land in the possession of another; *Held*, that although the land was not vacant, yet that such person could only be guilty of a civil trespass and not a forcible one, as above defined.

*State* v- *McCauless*, 9 Ired., 375.

This was an indictment for a forcible entry, tried before Mitchell, Judge, at Fall Term 1871, of Wilkes Superior Court.

The case was, that the defendant, Hanks, had made an entry and procured a warrant to survey the land upon which the alleged trespass was committed. The warrant was placed in

the hands of the county surveyor who summoned and swore the defendant, Durham, and another as chain-carriers.

The surveyor and the two defendants and the other chain-carrier, proceeded to survey the land and the trespass was in making the survey under the circumstances hereafter stated.

The prosecutor claimed the land embraced in the defendant's survey; alleged that he had been in possession for more than fifty years under known and visible boundaries; he showed a grant issued in 1803, and a deed for fifty acres which covered a portion of the tract surveyed; the defendants and the surveyor passed through a field claimed by the prosecutor, and which had been cleared, fenced and occupied, for two years or more, by a son of the prosecutor; the prosecutor knowing the intention of the defendant, Hanks, to enter and survey this land, objected to his doing so; when the survey was made the son of the prosecutor was present and for his father forbade the surveyor and defendants from entering upon his land; they did enter and run a line through it.

The defendants insisted that they were not guilty upon this state of facts, and that the indictment could not be sustained under the act of 1865–'66, chap. 65.

His Honor charged the jury that if they believed the testimony the defendants were guilty.

*Attorney General Shipp* and *W. P. Caldwell* for the State. *No Counsel* for defendant.

BOYDEN, J. His Honor was mistaken in supposing that the act of 1865–'66 was intended to cover such a case as this. The act is entitled "an act to prevent wilful tresspasses on lands, and stealing any kind of property therefrom;" it was manifestly its object to keep off interlopers, and to subject them to indictment, if they invaded the possession after they had been forbidden.

The defendants in this case supposed that they were en-

gaged in the performance of a duty imposed upon them by law, they had no purpose or intent of doing any wrong to the prosecutor.

The defendant, Hanks, having made an entry and having procured a warrant of survey, and having employed the county surveyor who had summoned and sworn the defendant Durham as a chain-carrier, were all in the act of making a survey of the entry when they passed through a small piece of inclosed ground, which had been cleared and cultivated by the son of the prosecutor, who was present, and by the directions of his father, forbid the entry, and the case states they had before been forbidden, but that could make no difference.

In the case of the *State* v. *McCauless*, 9 Ired., 375, the present Chief Justice says the "gist of the offence of forcible trespass is a high-handed invasion of the actual possession of another, *he being present;* the title is not drawn in question."

With what propriety could the action of the defendants be denominated a high-handed invasion of the actual possession of the prosecutor. It would seem to be a complete perversion of language thus to designate the conduct of the defendants.

Doubtless the defendants honestly believed that the warrant of survey gave them a license to enter the land of the prosecutor, if it became necessary to do so, in surveying the entry. It may be that in this they were mistaken, and that if the field through which they passed was not vacant land, but really was the land of the prosecutor, the defendants subjected themselves to a civil action, but not to an indictment for a forcible trespass.

There is error. This will be certified.

PER CURIAM.                                    Error.