STATE v. BENJ. N. WHITEHURST.

An indictment under the act of 1866, chap. 60, in which it is charged, that the defendant did unlawfully enter upon the premises of the prosecutors, he, the said defendant, having been forbidden to enter on said premises, and not having a license so to enter, &c., is sufficient.

CRIMINAL ACTION, (Misdemeanor, Bat. Rev. chap. 32, sec. 116,) tried before his Honor, *Judge Moore*, at the Fall Term, 1873, of PITT Superior Court.

The defendant was brought to answer the following indictment:

"The jurors for the State, upon their oath present, that Benj. N. Whitehurst, late of the County of Pitt, on the 9th day of October, 1872, with force and arms at and in the said County of Pitt, unlawfully did enter upon the premises of H. W. Martin and Edward Yellowly, there situate; He, the said

Benj. N. Whitehurst, having been forbidden by the said H. W. Martin, to enter on said premises, and he said Benj. N. Whitehurst, not having a license so to enter contrary to the statute in such cases made and provided, and against the peace and dignity of the State."

On the trial, the counsel for defendant, moved to quash the indictment for the following reasons :

1st. For that, it does not aver that the defendant had no *bon.. fide* claim of right to the said lands : and

2d. The indictment did not aver that Edward C. Yellowly, one of the owners of the land, had forbidden the defendant so to enter.

Upon the first point, his Honor being of opinion, that the entry of the defendant might be unlawful, *i. e.*, a civil trespass, yet made under a mistaken claim of right ; and therefore, the indictment should have negatived the claim of right.

Upon the second point, his Honor being also of opinion with defendant, ordered the indictment to be quashed, and the defendant to go without day.

From this judgment, the Solicitor prayed an appeal ; appeal granted.

*Hargrove, Atto. General,* for the State.
No counsel in this Court, for defendant.

SETTLE, J. " No person, after being forbidden to do so, shall enter on the premises of another without a license therefor ; and if any person after being thus forbidden, shall so enter, he shall be deemed guilty of a misdemeanor." Acts 1866, ch. 60.

There is a further clause which declares that if any person not being the present owner or *bona fide* claimant of such premises shall wilfully and unlawfully enter thereon, and carry off, any wood, &c., he shall, if the act be done with felonious intent, be deemed guilty of larceny, &c.

And there is a proviso, by which a person may obtain a

STATE *v.* WHITEHURST.

license to make search on the premises of another, for his estrays.

The defendant stands charged under the first clause of the act, in the following bill:

" The jurors, &c., present that Benj. N. Whitehurst, &c., did unlawfully enter upon the premises of H. W. Martin and Edward Yellowly, there situate, he the said Benj. N. Whitehurst having been forbidden by the said H. W. Martin to enter on said premises, and he the said Benj. N. Whitehurst not having a license so to enter, contrary to the statute," &c.

The defendant's counsel moved to quash the indictment:

1st. For that it did not aver that the defendant had no *bona fide* claim of right to said land.

2d. That the indictment did not aver that Edward Yellowly, one of the owners of the land had forbidden the defendant so to enter.

His Honor being of opinion with the defendant, on both points, ordered the bill to be quashed; and the Solicitor appealed.

We think the indictment sufficiently certain to apprise the defendant of the charge against him, and also to protect him in any of his rights, should ,he be forced hereafter to rely upon the plea of former acquittal or conviction.

Either a *bona fide* claim of right to the land, or permission from Yellowly to enter, would doubtless be a good matter of defence, but we see no good purpose which could be served by cumbering the bill with these averments. The tendency of the courts is to dispense with all unnecessary averments, thereby relieving the pleadings, in both criminal and civil actions, of much useless verbiage.

Let it be certified that there was error in the order quashing the indictment.

PER CURIAM. Judgment reversed.