### STATE *v.* HENRY HAUSE.

If a defendant enter upon land, or travel an open way, (the trespass charged,) under a *bona fide* claim of right, he is not criminally guilty of a trespass on land under the statute.

And he is not guilty, if at the time it was done, he believed he had the right to enter, or travel on or over the road, because he, and the former owners of the land had done so for sixteen or seventeen years.

(*State* v. *Allen,* 68 N. C. Rep. 281; *State* v. *Whitehurst,* 70 N. C. Rep. 85.)

INDICTMENT, for a trespass on land, tried before *Logan, J.,* at Spring Term, 1875, of LINCOLN Superior Court.

The land on which the trespass was alleged to have been committed, is an acute angle between the defendant's land and a public road which runs by his place. From defendant's land to the public road, runs a road, which crosses this land at the largest opening of the angle, a distance of about forty yards.

This road was cut fifteen or sixteen years ago, the prosecutor not objecting, and has been used by the defendant and prior

owners of defendant's land without any objection from the prosecutor, until defendant was notified a short time before the finding of this indictment not to come on or trespass on any lands of the prosecutor, in the said county of Lincoln. There was another road from defendant's land to the public road, used as a mill road, crossing the angle of land above alluded to at its apex, or where the public road and defendant's land joined. The title to the land over which this road ran is in dispute between the prosecutor and the defendant. This road had been cut fifteen or sixteen years, and used by defendant and the prior owners of his land without objection, until the notice before mentioned.

It was in evidence, that the former owners and occupants of the defendant's land and himself had been crossing this angle of the land at different points in getting to the public road for more than thirty years, and that through this angle of land was the only way they could get to the public road without great inconvenience.

It was also in evidence, that after the defendant had been notified not to trespass on the land of the prosecutor, he continued to travel these roads, and where a tree had been felled across the road near the apex of the angle, he had cut the top of the tree off to make a road around the felled tree.

The defendant's counsel asked the Court to instruct the jury that it was not necessary for the defendant to have the legal right to travel the roads above described, but that if he believed he had the right because he and the former occupants of his land had been using the road fifteen or sixteen years, and that former owners had been crossing this land for thirty years, without any objection on the part of the prosecutor, that if he believed this long usage gave him a license to travel these roads, notwithstanding he might be mistaken, he would not be guilty.

His Honor charged the jury, that if the defendant had used the road for thirty years, it gave him a license to travel over it, but that fifteen or sixteen years would not. That the de-

fendant had reasonable ground to believe that the land was his, and did so believe, he had a right to cut timber on the land; otherwise, he did not. Defendant again excepted.

There was a verdict of guilty. Motion in arrest of judgment; motion overruled. Judgment and appeal by the defendant.

No counsel in this Court for defendant.
*Attorney General Hargrove*, for the State.

SETTLE, J. The manifest object of the act entitled " An act to prevent willful trespasses upon lands and stealing any kind of property therefrom," in the forcible language of Judge BOYDEN, in the *State* v. *Hanks*, 66 N. C. Rep. 612, was to keep off " interlopers" and to subject them to indictment if they invaded the possession after they had been forbidden to do so. If one commits a trespass upon the land of another, his good faith in the matter or ignorance of the true right or title will not exonerate him from civil responsibility for the act.

But when the statute affixed to such a trespass the consequences of a criminal offence, we will not presume that the Legislature intended to punish criminally acts committed in ignorance, by accident, or under claim of right, and in the *bona fide* belief that the land is the property of the trespasser, unless the terms of the statute forbid any other construction. *State* v. *Dodson*, 6 Caldwell. The record in this case states that the title to the land on which the alleged trespasses have been committed is in dispute between the defendant and the prosecutor.

An attempt to try the title to land by an indictment under the statute in question, would be a perversion of its use and an abuse of the State's prerogative, which should not be tolerated by the Courts.

The defendant's counsel requested his Honor to instruct the jury, " that it was not necessary for the defendant to have the legal right to travel the roads described in the evidence, bu

that if he believed he had the right because he, and the prior occupants of his land, had been using the road for fifteen or sixteen years, and that prior occupants had been crossing this angle of land at different points for thirty years, without any objection on the point of the prosecutor—that if .he believed that this long usage gave him a license to travel these roads, notwithstanding he might be mistaken, he would not be guilty."

To these instructions we think he was entitled. For, conceding it to be a civil trespass, still if the guilty intent was wanting and the entry was made under a *bona fide* claim of right, the defendant was not criminally guilty.

But his Honor charged the jury, " that if the defendant had used the road for thirty years, it gave him a license to travel over it, but that fifteen or sixteen years would not," thus cutting off from their consideration the view that the defendant may have acted on a *bona fide* belief that the user of the road for fifteen or sixteen years gave him a license to travel over it. Nor is this error cured by what follows in the charge, " that if the defendant had reasonable ground to believe that the land was his, and did so believe, he had a right to cut timber on the land ; otherwise, he did not."

This instruction was not responsive to the prayer, but was calculated to mislead the jury. We have often said that the Court need not respond in the exact language of the prayer, but a failure to give, in substance, the instruction prayed for, if the defendant be entitled to it, is error.

There must be a *venire de novo. State* v. *Ellen*, 68 N. C. Rep. 281 ; *State* v. *Whitehurst*, 70 N. C. Rep. 85.

PER CURIAM.                                    *Venire de novo.*