STATE v. JOHN SHERRILL and others.

*Indictment—Trespass on Land—Variance.*

Where an indictment charged the defendant with a trespass upon land in possession of A, and the proof was that the premises were in possession of B ;  *Held*, to be a fatal variance.

INDICTMENT for a Misdemeanor, tried at Spring Term, 1879, of CALDWELL Superior Court, before *Graves, J.*

The facts appear in the opinion.   Verdict of guilty, judgment, appeal by the defendants.

*Attorney General,* for the State.
No counsel in this court for the defendants.

ASHE, J.   The defendants were indicted at spring term, 1878, of Caldwell superior court, and the bill of indictment is as follow: " The jurors for the state upon their oaths present that Philo Sherrill, John Sherrill, David Brinkley and Van Teague, on the first day of September, 1877, in the county aforesaid, with force and arms and a strong hand, did assemble together to disturb the peace, and being so assembled together, they the said Philo Sherrill, John Sherrill, David Brinkley and Van Teague, with force and arms and a strong hand, into a certain enclosure surrounding the dwelling house of Goodwin Harris in the county aforesaid,

did break and enter; and then and there, at and against the said dwelling house of him the said Goodwin Harris, the wife, children and servants of the said Goodwin Harris being in the said dwelling house, at and against the said dwelling house, unlawfully and against the will of him the said Goodwin Harris, his wife, children and servants, did cast, throw and hurl a great number of stones and other missiles, and unlawfully, forcibly, and with a strong hand, and in a violent and tumultuous manner did pull down the fence and enclosure surrounding and about the said dwelling house, to the great terror and affright of the wife, children and servants of the said Goodwin, and against the peace and dignity of the state." It was found and presented a true bill as to all the defendants except Van Teague; and at spring term, 1879, of said court, the defendants moved to quash the indictment. The motion was overruled and the defendants plead not guilty, and upon the trial were found guilty. They then moved for a new trial, which was refused by the court, and they appealed.

The statement of the case by His Honor shows that upon the trial before the jury, evidence was offered tending to show that the premises upon which the alleged trespass was committed, were in possession of one Lewis; that he himself was absent; that his son and son's wife who were members of said Lewis' family, together with another son and his wife who were visitors, were in the house; that there was a road, whether public or not did not appear, passing by the house; there was a fence between the house and the road, and enclosing the premises; that defendants and another in the night time came riding along the road, cursing and swearing, and when they came opposite the gate, one of the defendants said, "come out, d—n you, we want to whip you;" that a sound was heard as if throwing rocks against the gate; that the wife of the son who lived there was greatly terrified; that they remained some two or three minutes,

cursing, swearing and bellowing like a bull, and next morning prints of rocks were found on the gate, and some two or three rails thrown off the fence.

From the statement there seems to have been no proof that Goodwin Harris, or his children, or servants, were in the house, or that it was occupied by them or any of them.

The court instructed the jury that if the defendants entered the premises with a strong hand and a multitude of people, in such a manner as was calculated to put the owner of the house in fear, and tended to bring on a breach of the peace, they would be guilty. The instruction was erroneous. There was a fatal variance between the proof and the allegations of the bill of indictment. His Honor should have charged the jury that there was no evidence in the case to warrant the conviction of the defendants upon that indictment.

There is error. Let this be certified to the superior court of Caldwell county.

PER CURIAM.　　　　　　　　　　　　　　　Error.