STATE v. JOHN SHERRILL and others.

*Variance, effect of—New trial.*

The effect of a variance between allegation and proof in a criminal action is to vacate the verdict and leave the defendant charged as before and liable to be tried again.

*State* v. *Keeter,* 80 N. C., 472; *State* v. *Bailey,* 65 N. C., 426, cited and approved.)

Appeal from a judgment refusing to discharge the defendants, rendered at Fall Term, 1879, of CALDWELL Superior Court, by *Schenck, J.*

The defendants were tried and convicted at spring term, 1879, of said court upon an indictment for trespass upon the premises of one Harris, and on appeal to this court it was held that there was a variance between the allegation and proof, in that, the case showed that the premises on which the alleged trespass was committed were in possession of one Lewis. See same case 81 N. C., 550. Upon the certificate of the opinion being transmitted to the court below, the defendants moved their discharge. The solicitor resisted the motion and stated that in setting out the evidence in the case on the former appeal, the name of "Lewis" was inadvertently substituted for that of "Harris," and upon another trial the state could prove the facts as alleged in the bill of indictment. The court refused to discharge the defendants, from which ruling they appealed. And in this court the state moved to dismiss the appeal.

*Attorney General,* for the State.
*Messrs. D. G. Fowle* and *W. W. Wilson,* for defendants.

DILLARD, J. As there was no final judgment in the court below, the appeal must be dismissed. *State* v. *Keeter,* 80 N. C., 472; *State* v. *Bailey,* 65 N. C., 426.

But as there seems to have been some misapprehension as to the effect of the decision in this case on the former appeal as reported in 81 N. C., 550, we will say, that the legal effect of the appeal was to vacate the judgment below, and the error adjudged in this court by reason of the variance between the allegation and the proof, operated to put out of the way or vacate the verdict. And so, upon the certified opinion of this court, the defendant stood before the court

below in point of law charged upon a sufficient bill of indictment and is entitled to a new trial. Let this be certified.

PER CURIAM.        Appeal dismissed and *venire de novo.*