STATE v. A. A. LANEY.

*Forcible Trespass.*

Forcible trespass is the high-handed invasion of the *actual* possession of another, he being present; the title is not in question. There must be something done *at the time of the entry*, which tends to a breach of the peace. (Distinction between forcible trespass and forcible detainer pointed out by RUFFIN, J.)

(*State* v. *McCanless*, 9 Ired., 375; *State* v. *Mills*, 2 Dev., 420; *State* v. *Love*, 2 Dev. & Bat. 267; *State* v. *Smith*, 2 Ired., 127; *State* v. *McDowell*, 1 Hawks, 449, cited and approved.)

INDICTMENT for forcible trespass tried at Spring Term, 1882, of UNION Superior Court, before *Gudger, J.*

The charge made against the defendants, Laney and others, is, that with force and arms, violently, forcibly, and with a strong hand, they did break and enter the premises of one Gay, there situate and being in his possession, and he being then and there actually present and forbidding them so to do.

The proof was that during year 1881, the prosecutor and the defendant, Laney, had cultivated distinct portions of a field surrounded by a common enclosure—the prosecutor planting corn, and the defendant, cotton.

In consequence of certain information received, the prosecutor went to the field in September of that year, and found the defendants, Frank Laney, (son of the defendant A. A. Laney) and Carlock (his servant) cutting down the corn with hoes. He forbade them, but they continued, saying that they had been instructed to cut it by the other defendant. The prosecutor thereupon left, making no effort to put them out of his field, because he did not wish to be involved in a breach of the peace, and the defendants continued to cut the corn.

There was a verdict of guilty and the defendants appealed from the judgment pronounced.

*Attorney General,* for the State.
*Messrs. Payne & Vann,* for defendants.

RUFFIN, J. This court is of opinion that the evidence offered does not support the charge of forcible trespass, and that the defendants were improperly convicted and sentenced.

To constitute that offence, the act complained of must be done *presenti domino,* and must involve a breach of the peace or tend thereto. The injury done to the prosecutor by the

loss of his corn, the law will redress by a civil action. But before it can amount to a public wrong to be punished by indictment, there must be something done, *at the time of the entry*, to put the prosecutor in fear, or incite him to force either to resent his wrongs or protect his property; and as none of these things can happen in his absence, so neither can the offence be committed in his absence.

The title to the property is of no moment in forcible trespass. But it is the invasion of the *actual* possession of another and not his constructive possession, done in his presence and under such circumstances as endangers the public peace, that makes the offence.

"The very gist of the offence," says Judge PEARSON in *State* v. *McCanless*, 9 Ired., 375, "is the high-handed invasion of the actual possession of another, *he being present;* title is not in question." The facts of that case were, that the prosecutor had let his house and field to one Mitchell to make a crop, and, after the expiration of the term, entered and resumed possession, staying in the house all night with Mitchell. The next morning he went for his goods for the purpose of putting them in the house, and during his absence the defendant, claiming to have sub-leased from Mitchell, entered with his permission, and, when the prosecutor returned with his goods, refused to let them be taken into the house, and a fight ensued. It was held, while the defendant might have been guilty of a forcible detainer, he was not guilty of a forcible trespass, because his entry, having been made in the absence of the owner, was peaceable; and though, when the owner returned and entered the house, the law presumed possession to be in him because of his better title, still, it could not *by relation* make the defendant guilty of a forcible trespass. To the same effect are *State* v. *Mills*, 2 Dev., 420; *State* v. *Love*, 2 Dev. & Bat., 267, and *State* v. *Smith*, 2 Ired., 127.

In the case at bar, the defendants may likewise have been

guilty of a forcible detainer, and probably are. But it is impossible for them to have been guilty of the offence charged, since their entry upon the premises was made in the absence of the prosecutor. And even admitting the better title to be in him, so that upon his coming into the field the law would presume the possession to be in him, still, it could not by relation affect the original entry of the defendants, and make that forcible, when in fact it was without force.

To sustain this prosecution upon such proof as was given of the possession, would be to convert an action of trespass into an indictment, as was said in *State* v. *McDowell*, 1 Hawks, 449.

Error.                                            *Venire de novo.*