## STATE v. J. A. TAYLOR.

*Justice of the Peace—Power to Amend Warrant—Discretion—Amendment—Judgment for Costs—Appeal.*

1. The discretionary power to amend a complaint conferred upon a justice of the peace by section 908 of *The Code* is not reviewable on appeal.
2. A warrant cannot be amended by striking out the offense charged and inserting a new and different offense.
3. A prosecutor in a criminal action has no right to appeal except, it may be, as to matter of costs.

STATE *v.* TAYLOR.

4. This Court cannot review the findings of fact by the Superior Court on matters of costs, on appeal by a prosecutor from a judgment of a justice of the peace taxing him with the costs of a warrant.

5. This Court cannot review the findings of fact upon which the judgment of the Superior Court is based, and where, on appeal, such facts are not set out in the transcript it will be assumed that the judgment was in accordance with the facts found and the judgment will be affirmed.

CRIMINAL ACTION, prosecuted by J. H. Stepp against J. A. Taylor, the defendant.

A warrant was issued, upon the complaint of J. H. Stepp, charging that the defendant " did unlawfully, maliciously, willfully, commit damage, injury, and spoil upon one fence, the property of J. H. Stepp, in violation of Section 1081 of *The Code*," etc., " by pulling down the same," etc.   Upon the trial before the justice of the peace the prosecutor moved to amend the warrant so as to charge that the defendant " did unlawfully and willfully pull down the fence surrounding a cultivated field, the property and in possession of J. H. Stepp.   *Code* Section 1062."   The motion was denied by the justice upon the ground that he had no power to make the amendment; and the prosecutor appealed to the superior court.   It was also adjudged by the justice of the peace that the prosecution was frivolous, and that prosecutor pay the costs.   Upon the hearing before *Coble, J.,* at Fall Term, 1895, of HENDERSON County superior court the prosecutor moved to remand the case to the justice of the peace to the end that the warrant might be amended, and the case tried.   The motion was denied, and the prosecutor appealed to the Supreme Court.

*The Attorney General,* for J. H. Stepp (appellant).
*Messrs. Ewart & Toms,* for defendant.

STATE *v.* TAYLOR.

FURCHES, J : The appeal is without merit and cannot be sustained. If the justice of the peace had authority to amend the warrant, under Section 908 of *The Code*, he did not do it. And we know of no power we have, or the superior court had, to compel him to exercise a discretionary power.

But this being a proposition or motion to strike out the offence charged in the warrant, and to insert another offence, it seems that such amendment was not authorized. *State* v. *Vaughan*, 21 N. C., 535 ; *State* v. *Cook*, *Ibid*, 236.

But the prosecutor had no right to appeal, except it may be as to costs. *State* v. *Powell*, 86 N. C., 640.

And while the superior court may review the finding of fact and judgment of justices of the peace on matters of costs in cases like this, the findings of the judge are conclusive upon this Court. And if the judgment of the superior court is in accordance with the facts found, that is also conclusive. upon this Court. *State* v. *Hamilton*, 106 N. C., 660.

And as the judge below does not set out the facts upon which he founded his judgment, we must take them as being sufficient to justify his judgment.

Affirmed.