The facts are stated in the opinion of the Court.
The defendant was charged, before a justice of the peace, with the crime of unlawfully and willfully entering upon land, after being forbidden to do so, contrary to the provisions of the Revisal, sec. 3688. The affidavit upon which the warrant issued did not state, in so many words, that the defendant entered "without a license so to do," and after the jury had returned a verdict of guilty, he moved in arrest of judgment upon the grounds that the affidavit did not contain that allegation; that the affidavit, and the statement therein made, were not recited in the warrant, and therefore, did not constitute a part thereof; and lastly, because the affidavit failed to charge an entry upon land, or that the land was in the possession of or owned by any person. We will consider these objections in the order in which they have been stated by us.
It appears from the record that the court ordered an amendment of the warrant, by the insertion therein of the words, "without a license so to do," but the words were not actually inserted in the complaint or the warrant by the solicitor. The order of the court, as has been decided by this Court several times, was self-executing. In Holland v.Crow, 34 N.C. at p. 280, Ruffin, C. J., for the Court says: "The variance between the relators in the petition and the scire facias is cured by the order for amendment. It is true, the amendment was not actually made. But the scire facias was issued upon the assumption of the amendment, and all the subsequent proceedings were based upon the supposition that one was as properly a relator as the other, and in such cases the course is to consider the order as standing for the amendment itself." He cited Ufford v. Lucas, 9 N.C. 214, in (795) *Page 760 
which it is held, as it was in the case just cited, that where, during the pendency of the suit, leave is obtained to amend the writ and change the form of action, if such amendment be not made on the record, and the suit be tried in its amended form or as if the amendment had been actually made, this Court will consider the case as if the amendment had been properly inserted in the writ, warrant or complaint at the time the order was made by the court. This is a most just and reasonable rule and is essential to the due administration of the law. It is analogous to the rule in equity which considers that to have been done which ought to have been done, and the defendant has no reason to complain that the amendment was not actually inserted in the complaint at the time the order was entered, because he has been fully informed of the nature of the charge against him, and has had every opportunity for presenting every defense which, if found to be true by the jury, would acquit him of the offense. He has been deprived of no substantial right, for the case shows that he proceeded, during the trial, in every respect as if the amendment had been duly made. We find that our decisions are fully supported by those in other States. In Palmer v. Lesne,3 Ala. 741, it was held by the Court that, where leave, granted to the plaintiff to amend his declaration, was special and pointed out the particulars in which the amendment was to be made, it did not require a new declaration to be filed, as in the case of an order to amend generally by filing a new declaration or adding a distinct count, in which case the law would require it to be made in point of fact, but the court will consider the leave granted as operating in itself to complete an insufficient or defective statement of the cause of action or of the specific charge made against the defendant. To the same effect is Fulkerson v. Missouri,14 Mo., 49. This objection of the defendant is, therefore, untenable.
It is not necessary that we should decide whether it was essential that the omitted words should have been inserted in the complaint in order to make it a complete and valid charge against the defendant, as what we have said has fully answered the objection which has been made to the affidavit and warrant. We will refer, though, to S. v.Whitehurst, 70 N.C. 85, which seems to hold that such an averment in the affidavit upon which the warrant issued for unlawful trespass on land is not necessary. It cannot be doubted that the court had the power to order the amendment to be made. It is provided by the Revisal, sec. 1467, that, "No process or other proceeding begun before a justice (796) of the peace, whether in a civil or a criminal action, shall be quashed or set aside for the want of form, if the essential matters are set forth therein; and the court in which any such action shall be pending shall have power to amend any warrant, process, *Page 761 
pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be deemed just, at any time, either before or after judgment." See, S. v. Vaughan, 91 N.C. 532; S. v.Smith, 103 N.C. 410.
It is difficult to understand how the defendant was prejudiced by the omission of the words which the court ordered to be inserted in the complaint or affidavit. It is distinctly charged that he entered upon the land unlawfully and willfully, and if this be true, it is inconsistent with the idea that he entered in good faith claiming title to the land, or the right to enter, or that he entered with a license so to do. It is well, though, for the justices and the solicitors of the different courts to make the accusation against the defendant as nearly as possible in the language of the statute, but a substantial compliance with the statute is all that the law really requires. If, though, care be taken in the respect indicated, such an objection as is now urged cannot possibly be available to the defendant.
The second objection is that the allegations of the complaint or affidavit were not inserted in the warrant; but this is untenable, as the warrant clearly refers to the affidavit and called upon the defendant to answer its allegations. This is all that the law requires in such a case.S. v. Winslow, 95 N.C. 649; S. v. Davis, 111 N.C. 729; S. v. Sharp,125 N.C. 634; S. v. Yoder, 132 N.C. 1113.
The third ground for the motion in arrest of judgment is that the affidavit does not charge an entry upon the land, but upon the "premises" of Mrs. Perkinson, the said premises being in charge of the affiant, who was J. O. Morgan. The word "premises," by repeated rulings of the Court, is now understood to be synonymous with the word "land." The same question as we now have under consideration was raised in the case of S. v. French,120 Ind. 229, which was an indictment for the same kind of offense as is charged in this case to have been committed by the defendant. In that case the Court said: "It is contended with some force and plausibility that the charge is insufficiently made because the word `premises' is employed instead of the word `land.'. . . . The word `premises' is now commonly used to mean land and tenements. Possibly usage has corrupted the meaning of the word, but the authors of our law and the lexicographers say that one of the meanings of the word is that which we have given it."
It seems to be contended by the defendant that it is not (797) sufficiently charged in the affidavit that the owner of the land, or any one representing her, was in possession of the same; but this objection also fails, as it is distinctly alleged that the defendant entered upon the premises of Mrs. Perkinson, which were, at the time, in charge of J. O. Morgan, who was acting as her agent. She was, therefore, by *Page 762 
her agent, in actual possession of the land, and if Morgan had not been in possession for her, she would have been in the constructive possession of it, which would be sufficient if the defendant had been forbidden to enter upon the land and had no bona fide claim thereto or license to enter, because this is not an indictment for forcible trespass, which would require the presence of the owner or some one representing him, and which would involve a breach of the peace.
The defendant excepted to the charge of the court, upon the ground that the jury were not instructed as to whether the defendant entered upon the land in good faith or not. He had been indicted for this same offense once before and was convicted, and the evidence in the case does not tend to show that his last entry was made under circumstances showing an honest belief, on his part, that he had the right to enter. But there is another more conclusive answer to this objection. The defendant complains that the court failed to charge as to this matter and, in such a case, the omission should have been called to the attention of the court by a prayer for instruction. He should not be permitted to remain silent until the court had completed its charge, and then, because the judge, by inadvertence, has omitted to instruct as to some particular feature of the case, assign the same as error. We have repeatedly overruled a similar objection in other cases. Simmons v. Davenport, 140 N.C. 407. In that case we said: "If a party desires fuller or more specific instructions, he must ask for them, and not wait until the verdict is given against him, and then, for the first time, complain of the charge. If he would have the evidence recapitulated or any rulings of the court arising thereon presented in the charge, a special instruction should be requested." Boon v. Murphy,108 N.C. 187; McKinnon v. Morrison, 104 N.C. 354; S. v. Debnam,98 N.C. 712; Kendrick v. Dellinger, 117 N.C. 492; S. v. Groves,119 N.C. 824; S. v. Ridge, 125 N.C. 657; Emry v. R. R., 109 N.C. 602. This principle has been so often announced that it may be considered as thoroughly well settled, if not elementary.
It appears, in this case, that the land had been processioned as between the parties, and the dividing line established, and further, that the defendant, as we have said, had been prosecuted once before (798) for the same offense of which he is now accused. In view of this and other testimony, we do not think he has any reason to complain of the verdict. The charge of the court was a full and accurate statement of the law applicable to the facts of the case, and after a careful perusal of it we find no error therein.
The defendant's counsel, in their brief, complain that the agency of Morgan was proved by the declaration of himself and of Dr. McCullers, but we think this is an error. They testified as witnesses in the case to *Page 763 
the fact of the agency, and the general rule, that an agency cannot be proved by a declaration of the agent, has no application to the facts of this case.
A review of the whole case shows that it was correctly tried in the court below.
No error.
Cited: Trollinger v. Fleer, 157 N.C. 85; S. v. Hinton, 158 N.C. 626; S.v. Powell, 168 N.C. 142.