ADAMS *et al. v.* STATE.*

(Division B.  Dec. 3, 1928.)

[118 So. 189.  No. 27514.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 645, p. 353, n. 23; Trespass, 38Cyc, p. 1186, n. 59; p. 1187, n. 72.

*W. T. Weir,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

ETHRIDGE, P. J.   The prosecution in this case was for willful, unlawful, and malicious trespass under section 1191, Hemingway's 1927 Code (section 1389, Code of 1906), which reads as follows: ''Any person who shall be guilty of a willful or malicious trespass upon the real or personal property of another, for which no other penalty is prescribed, shall, upon conviction, be fined not exceeding five hundred dollars, or imprisoned not longer than six months in the county jail, or both.''

The prosecution originated in the justice court, and the affidavit made before the justice of the peace read as follows: ''Before J. C. Bailey a J. P. of the county of Scott A. J. Patrick makes oath that Frank Adams and Jeffy Adams on or about the 28th day of Jan. 1928, in Dist. No. 5 of said county did unlawfully, willfully and

maliciously trespass upon the Steele School building, the property of Scott county, and did then and there willfully, unlawfully and maliciously damage said school building in the sum of sixty dollars against the peace and dignity of the state of Mississippi.''

It will be noted that this affidavit, in the body of it, recites that A. J. Patrick made oath before the justice of the peace that the defendant committed the acts complained of, but the affidavit is signed by M. A. Walters, affiant; and then follows the words: ''Sworn to and subscribed before me this the 27th day of Jan., 1928. I. C. Bailey, J. P.''

There was no demurrer to this affidavit, and the case proceeded to trial. At the end of the state's testimony, each of the defendants made a motion for a peremptory instruction, which motions the judge overruled. The defendants thereupon produced their witnesses, whose testimony tended to show that the defendants were not present and did not commit the acts complained of.

The testimony on behalf of the state was sufficient to identify the defendants with the commission of the acts —that one of the defendants remained in his car while the other defendant knocked out the sash in the schoolhouse windows; that both defendants were traveling together in the car, and, as the witness approached the schoolhouse, both ran away in the car.

The state failed to produce any proof as to the ownership of the schoolhouse; the only proof introduced showed that the building was used as a schoolhouse in a school district of Scott county, Miss. At the conclusion of the state's evidence, the district attorney, as shown by the stenographer's notes, verbally moved the court for permission to amend the affidavit so as to charge the ownership of the schoolhouse in the school district, and the court stated that he would allow the motion, which was excepted to; but the record does not show that any order

was entered on the minutes of the court, allowing the amendment to the affidavit.

It is necessary for an amendment to be entered on the minutes of the court to give validity to the proceeding. *Oliver* v. *Miles,* 144 Miss. 852, 110 So. 666, 50 A. L. R. 357, and authorities cited therein.

The affidavit on its face does not appear to have been actually changed by the district attorney. We think, under the above statute, it is necessary to both allege and prove the ownership of the property trespassed upon. It was alleged, but not proven, to be in the county; and there was failure to prove title in the school district. The titles to many school lands are in the counties, but in many other cases the titles are in the trustees of the school districts; and we are unable to say that the property here involved, as a matter of law, belonged to the county. For this reason, the judgment of conviction must be reversed.

We desire to call attention to the fact that the affidavit was signed by one person, whereas it is recited in the body of the affidavit that another person appeared before the justice of the peace. This defect should be corrected on a retrial of the cause to show who really appeared and made oath before the justice of the peace.

*Reversed and remanded.*