STATE v. FRED THOMAS MILLS.

(Filed 21 September, 1955.)

**Constitutional Law § 32: Criminal Law § 56—**

On appeal from conviction in a county court on a warrant charging possession of whiskey for the purpose of sale, the warrant was amended to charge also possession of nontax-paid liquor, and defendant was convicted on this count alone. The judgment is arrested on authority of *S. v. Hall,* 240 N.C. 109.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

FLEISHEL v. JESSUP.

APPEAL by defendant from *Pless, J.,* at June Term 1955, of Mc-DOWELL.

*Attorney-General Rodman, Assistant Attorney-General Love, and Lewis Bulwinkle, Member of Staff, for the State.*
*I. C. Crawford and Lawrence C. Stoker for defendant, appellant.*

PER CURIAM. The defendant was tried in the McDowell County Criminal Court on a warrant charging possession of whiskey for the purpose of sale. From conviction and judgment in that court the defendant appealed to the Superior Court. When the case was called for trial in the Superior Court, on motion of the Solicitor, the warrant was amended to charge also unlawful possession of nontax-paid liquor. This was treated as a second count in the warrant. The jury returned verdict of guilty of illegal possession of intoxicating liquor. No verdict was rendered as to the original count. From judgment on the verdict the defendant appealed.

Defendant's motion in arrest of judgment must be allowed for the reasons set out in *S. v. Hall,* 240 N.C. 109, 81 S.E. 2d 189, and cases there cited.

Judgment arrested.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.