STATE v. FOY McHONE.

(Filed 14 December, 1955.)

**1. Indictment and Warrant § 6½ : Public Officers § 4b—**

A justice of the peace who is also an officer on the police force of a municipality may lawfully, in his capacity as a justice of the peace, take the oath of another police officer to an affidavit on which a criminal warrant is to be issued, and then, as a justice of the peace, lawfully issue a warrant thereon, addressed to the chief of police or any other lawful officer of the town or county, returnable for trial before the judge of the recorder's court of the town. Justices of the peace come within the express exception to the proscription of double office holding. Constitution of North Carolina, Art. XIV, sec. 7. G.S. 15-18, 19, 20 and 24.

**2. Indictment and Warrant § 15—**

The trial court has the discretionary power to allow a warrant to be amended by substituting the words "illegally transporting taxpaid liquor," for the words "transporting illegal taxpaid liquor," since the amendment does not change the nature of the offense intended to be charged. G.S. 7-149 (12).

**3. Intoxicating Liquor § 9d—**

The evidence considered in the light most favorable to the State *is held* sufficient to sustain defendant's conviction of illegal transportation of taxpaid liquor.

APPEAL by defendant from *Sharp, Special J.,* at October 1955 Special Term, of SURRY.

Criminal prosecution upon a warrant issued by Joe L. Simmons, J.P., on affidavit of T. J. Hale returnable before R. S. Westmoreland, Re-

corder, charging that on 5 March, 1955, Foy McHone did unlawfully and wilfully violate the North Carolina prohibition law by possessing for the purpose of sale a quantity of illegal taxpaid liquor and violate the North Carolina prohibition law by (illegally) transporting illegal taxpaid liquor . . . contrary to the form of the statute, etc., the latter over objection and exception by defendant was amended to read "illegally transporting taxpaid liquor." The warrant was addressed "To the Chief of Police or any other lawful officer of Mt. Airy and Surry County," and was served by M. W. Boone, C. P., per T. J. Hale."

Defendant was tried in Recorder's Court and found guilty, and from judgment pronounced by the Recorder's Court defendant appealed to Superior Court, and the case was therein tried *de novo* upon the original warrant as above set forth.

The record shows that upon the call of the case for trial the defendant in apt time entered a plea in abatement to the warrant on the ground that the Justice of the Peace who issued it also is an officer of the Police Force of Mt. Airy, in violation of the Constitution of North Carolina, and the Federal Constitution. The plea was denied. Defendant excepted. Likewise motion to quash the warrant was denied, and defendant excepted.

The case was submitted to the jury upon evidence adduced by the State tending to show that an officer saw defendant transporting in his car more than eight pints, somewhere in the neighborhood of 12 or 14 pints of liquor.

Verdict: Not guilty on the first count charging illegal possession of taxpaid liquor. Guilty on the count of illegal transportation of taxpaid liquor.

Judgment: Imprisonment for a period of 12 months "the sentence to begin at the expiration of sentences in cases Nos. 118 and 119 at the April Term."

To the pronouncement of the judgment defendant excepted, and appeals to Supreme Court, and assigns error.

*Attorney-General Rodman and Assistant Attorney-General Love for the State.*

*Frank Freeman and J. N. Freeman for defendant, appellant.*

WINBORNE, J. In connection with appellant's assignment of error based upon exception to denial of his plea in abatement, it is appropriate to review pertinent prescribed procedure.

I. In the orderly course of such procedure a justice of the peace is named among those who are given power to issue process for the apprehension of persons charged with any criminal offense. G.S. 15-18.

And it is provided by statute that "Whenever complaint is made to any such magistrate that a criminal offense has been committed within this State, it shall be the duty of such magistrate to examine on oath the complainant and any witnesses who may be produced by him." G.S. 15-19.

The statute also provides "that if it shall appear from such examination that any criminal offense has been committed, the magistrate shall issue a proper warrant under his hand . . . reciting the accusation and commanding the officer to whom it is directed forthwith to take the person accused of having committed the offense, and bring him before a magistrate to be dealt with according to law. The justice of the peace shall direct his warrant to the sheriff or other lawful officer in his county." G.S. 15-20.

It is further provided by statute, G.S. 15-24, as rewritten by 1953 Session Laws of North Carolina, Chapter 141, Sec. 1, that "persons arrested under any warrant issued for any offense, where no provision is otherwise made, shall be brought before the magistrate who issued the warrant; or, if he be absent, or from any cause unable to try the case, before the nearest magistrate in the same county, provided, however, that a magistrate may make such warrant returnable before any other magistrate or any court inferior to the Superior Court having jurisdiction within the same county, and the warrant by virtue of which the arrest shall have been made, with a proper return endorsed thereon and signed by the officer or person making the arrest shall be delivered to such magistrate or to the court within the same county as may be directed in the warrant."

Testing the procedure followed in the present case by the prescribed procedure as outlined above, it is seen that though the justice of the peace who took the oath of the complainant and who issued the warrant charging the offense described in the affidavit, was an officer of the police force of Mt. Airy, there is nothing in the record to show that he did anything in respect to the issuance of the warrant here in question in any other capacity than as a justice of the peace. Indeed, it does not appear that he acted in the capacity of police officer.

Therefore, this is substantially the question presented by defendant under his assignment of error based on exception to denial of his plea in abatement: In this State, may a justice of the peace, who is also an officer on the police force of a town, lawfully as justice of the peace, take the oath of another police officer to an affidavit on which a criminal warrant is to be issued, and then as a justice of the peace lawfully issue a warrant thereon, addressed to the chief of police or any other lawful officer of the town or county, returnable for trial before the judge of the recorder's court of the town, who tries the case? The answer is "Yes."

The Constitution of North Carolina, Sec. 7, Article XIV, forbidding double office holding expressly provides that nothing therein contained "shall extend to officers of the militia, notaries public, justices of the peace, commissioners of public charities, or commissioners for special purposes."

And this Court in the case of *Barnhill v. Thompson* (1898), 122 N.C. 493, 29 S.E. 720, pertinently stated: "At common law there was no limit to the right of a citizen to hold several offices, except incompatibility of the duties of the several offices, and much learning was invoked in England and in this country on the question of 'incompatibility.' We are relieved, however, from much labor on that subject by our Constitution, Article XIV, Section 7." Then after quoting the language of this section of the Constitution, the Court concluded by saying: "This provision is plain and leaves no room for construction, whenever the two places under consideration are found to be public offices."

Moreover, the case of *S. v. Lord* (1907), 145 N.C. 479, 59 S.E. 656, involving a matter of costs to the recorder for the city of Charlotte is worthy of note. The facts as stated there are these: "One Earnhardt, a duly qualified justice of the peace, who also acts as desk sergeant at police headquarters in said city, issued a warrant for defendant and made it returnable before W. M. Smith, the appellant, who is recorder and *ex officio* justice of the peace. Upon the hearing, Smith bound the defendant over to the Superior Court. It is contended that the act of Earnhardt, justice of the peace, was illegal; that the hearing before Smith was void, and that therefore the latter's costs cannot be taxed. His Honor so held," but the Supreme Court did not concur. *Brown, J.,* speaking for the Court had this to say: "Section 3162 of the Revisal (now G.S. 15-24, *supra*), provides that persons arrested under any warrant issued for any offense, where no provision is otherwise made, shall be brought before the magistrate who issued the warrant, etc. The clause 'where no provision is otherwise made' clearly implies that the magistrate who issued the warrant had the authority to make the warrant returnable before himself or before some officer having like jurisdiction, to conduct the preliminary hearing." And the Court concluded: "Having been appointed a justice of the peace by the General Assembly, and having duly qualified as such, the incumbent of the recorder's office is invested with the complete jurisdiction of a justice of the peace, as defined by our Constitution, in addition to that which he exercises as recorder by virtue of the city charter. There is nothing in our fundamental law which forbids the appellant to hold the office of recorder and justice of the peace at one and the same time. Article XIV, Section 7, Constitution." And the Court adds, "We will, of course, presume that when the appellant had the warrant returnable before him he acted in

his capacity as a justice of the peace, and bound the defendant over to the Superior Court. We, therefore, think that the lawful fees prescribed by law for a justice of the peace should have been taxed against the defendant."

Thus in the light of the factual situation in hand, this Court deems the action of the justice of the peace to be permissible under the proviso of Sec. 7 of Article XIV of the Constitution of North Carolina. And it does not appear that such action is violative of any provision of either the State, or the Federal Constitution.

II. For like reason defendant's motion in arrest of judgment was properly overruled.

III. The exception to the ruling of the court in allowing the warrant to be amended as indicated above runs counter to G.S. 7-149, Rule 12, and decisions of this Court. In *Carson v. Doggett*, 231 N.C. 629, 58 S.E. 2d 609, the Court in opinion by *Denny, J.,* declared: " 'Under our practice, our courts have the authority to amend warrants defective in form and even in substance; provided the amended warrant does not change the nature of the offense intended to be charged in the original warrant. G.S. 7-149—Rule 12.' " See also *S. v. Johnson*, 188 N.C. 591, 125 S.E. 183; *S. v. Carpenter*, 231 N.C. 229, 56 S.E. 2d 713.

IV. Furthermore, taking the evidence offered upon the trial in Superior Court in the light most favorable to the State, as is done in consideration of motions for judgment as of nonsuit in criminal prosecutions, the Court is of opinion and holds that it is sufficient to take the case to the jury, and to support the verdict rendered. Hence the exceptions in this respect are untenable.

V. Other assignments of error relate to matters which under the setting fail to show error for which a new trial should be ordered.

For reasons stated, in the judgment from which appeal is taken, we find

No error.