STATE v. PHILLIP COOKE.

STATE v. LEON WOLFE.

STATE v. GEORGE SIMKINS, JR.

STATE v. JOSEPH STURDIVENT.

STATE v. SAMUEL MURRAY.

STATE v. ELIJAH H. HERRING.

(Filed 28 June, 1957.)

**1. Trespass § 9—**

While redress for unauthorized entry on lands of another was by civil action at common law, forcible trespass, G.S. 14-126, and trespass after being forbidden to enter, G.S. 14-134, are made crimes by the statutes, but in any criminal prosecution possession is an essential element of the offense, and it is required that the warrant or bill of indictment allege the rightful owner or possessor, and that proof correspond with the charge.

**2. Criminal Law § 14—**

On appeal from conviction in an inferior court to the Superior Court, defendants must be tried for the identical crime of which they were convicted in the inferior court, and the Superior Court may try them for a different crime only upon a bill found or waived.

**3. Indictment and Warrant § 15—**

While the Superior Court, on appeal from an inferior court, has power to amend the warrant to make accurate and sufficient the statement of the crime asserted or attempted to be asserted, the court has no power to permit an amendment which results in the charge of an entirely different crime from the one of which defendant was convicted in the lower court.

**4. Same: Trespass § 10—**

On appeal to the Superior Court from conviction on a warrant charging trespass on the property of one person after being forbidden, in violation of G.S. 14-134, the allowance of an amendment to charge the property was in the possession of a different person results in the charge of an entirely different crime and constitute a fatal variance.

**5. Criminal Law § 56—**

Where it appears upon the face of the record that the warrant was amended in the Superior Court on appeal from conviction in an inferior court so as to charge an entirely different crime, the record discloses a fatal defect of which the Court must take note *ex mero motu.*

**6. Criminal Law § 23—**

Where defendants are tried in the Superior Court upon a warrant amended to charge a different crime, without bill found or waived, the State may thereafter proceed upon new warrants.

PARKER, J., concurring.

STATE v. COOKE, WOLFE, SIMKINS, STURDIVENT, MURRAY, HERRING.

APPEALS by defendants from *Burgwyn, E. J.,* December 1956 Criminal Term of GUILFORD (Greensboro Division).

On 7 December 1955 six warrants issued from the Greensboro Municipal-County Court on affidavit of Ernest Edwards charging the defendants therein named "did unlawfully and willfully trespass upon the property of Gillespie Park Golf Course, Greensboro, North Carolina, after having been forbidden to do so." The cases were heard in the Municipal-County Court on 6 February 1956. Each defendant was found guilty, and from the sentence imposed each appealed to the Superior Court. The cases were by consent consolidated for trial in the Superior Court.

Ernest Edwards, on whose affidavit the warrants issued, testified: "I'm employed as a golf professional manager of the Gillespie Park Golf Club, Incorporated. The golf club is an 18-hole club with club house. It's located on Asheboro Street and Randolph Avenue on the new Super Highway. . . . Back on the 7th day of December, 1955, I was employed as manager of Gillespie Park Golf Course, Incorporated. At that time one of my functions was to operate the Gillespie Park Golf Course."

He was asked: "On that date, the 7th day of December, 1955, state whether or not the corporation was in possession of the Gillespie Park Golf Course. A. It was."

Witness testified that defendants, on the date named, over his protest, played golf on the course.

When the State rested, defendants moved for nonsuit. Before the motion was heard, the solicitor asked the court to reopen the case so that he might make a motion to amend the warrants. His request was granted; whereupon, over the objection of defendants, the warrants were amended to read: "Did unlawfully and willfully enter and trespass upon the premises of *Gillespie Park Golf Club, Inc.,* after having been forbidden to enter said premises and not having a license to enter said premises against the statute in such cases made and provided and against the peace and dignity of the State." (Italics added.)

After the warrants were amended, defendants offered a lease by the City of Greensboro to Gillespie Park Golf Course, Inc., dated 7 April 1949, for a term of one year, of the city's club house and golf course. Renewals of this lease were offered in evidence, the last renewal bearing date 2 April 1953 extending lessee's term to 6 April 1958.

The jury returned a verdict of guilty as to each defendant. Judgments were entered on the verdicts and defendants appealed.

*Attorney-General Patton and Assistant Attorney-General Giles for the State.*

*J. Kenneth Lee, Major S. High, C. O. Pearson, and William A. Marsh, Jr., for defendant appellants.*

Rodman, J.   The crime of which defendants stand convicted is the entrance without a *bona fide* claim of right on land in the possession of another after having been forbidden to so enter.   The act is made a crime by statute, G.S. 14-134.   The statute carries the heading "Trespass on land after being forbidden . . ."

". . . every unauthorized, and therefore unlawful, entry into the close of another, is a trespass."   *Dougherty v. Stepp,* 18 N.C. 371; *Armstrong v. Armstrong,* 230 N.C. 201, 52 S.E. 2d 362; *Lee v. Stewart,* 218 N.C. 287, 10 S.E. 2d 804; *Brame v. Clark,* 148 N.C. 364.

By the common law an unauthorized entry on the lands of another was redressed by civil action, but where the entry was made by means of force or threats apt to disrupt the peace, the trespass was made a crime in England prior to Sir Walter Raleigh's ill-fated attempt to establish a colony on our shores.   Such a disturbance of possession is a statutory crime under our laws.   G.S. 14-126.   To convict one of the crime of forcible trespass, it is essential for the State to establish an entry with such force as to be "apt to strike terror" to the prosecutor whose possession was disturbed.   It is necessary to allege and establish actual possession in the prosecutor.   *S. v. Simpson,* 12 N.C. 504; *S. v. McCauless,* 31 N.C. 375; *S. v. Ray,* 32 N.C. 39; *S. v. Laney,* 87 N.C. 535; *S. v. Davenport,* 156 N.C. 597, 72 S.E. 7.   Whether the right to possession was a good defense at common law was left unsettled in *S. v. Ross,* 49 N.C. 315.

In 1866 the Legislature made it a crime to invade possession even though the forbidden entry was made without force or threats.   Good faith in making the entry is a defense.   *S. v. Wells,* 142 N.C. 590; *S. v. Crosset,* 81 N.C. 579; *S. v. Hause,* 71 N.C. 518; *S. v. Hanks,* 66 N.C. 612.   But possession is an essential element of the crime.   If the State fails to establish that prosecutor has possession (actual or constructive) no crime has been established.   *S. v. Baker,* 231 N.C. 136, 56 S.E. 2d 424; *S. v. Faggart,* 170 N.C. 737, 86 S.E. 31; *S. v. Yellowday,* 152 N.C. 793, 67 S.E. 480; *S. v. Whitehurst,* 70 N.C. 85.

Where an interference with the possession of property is a crime, it is necessary to allege in the warrant or bill of indictment the rightful owner or possessor of the property, and the proof must correspond with the charge.   If the rightful possession is in one other than the person named in the warrant or bill, there is a fatal variance.   Such has been the holding in forcible trespass, *S. v. Sherrill,* 81 N.C. 550; in trespass after being forbidden, *S. v. Baker, supra;* in malicious injury to property, *S. v. Hicks,* 233 N.C. 31, 62 S.E. 2d 497; *S. v. Mason,* 35 N.C. 341; in larceny, *S. v. Law,* 227 N.C. 103, 40 S.E. 2d 699; *S. v. Harris,* 195

STATE *v.* COOKE, WOLFE, SIMKINS, STURDIVENT, MURRAY, HERRING.

N.C. 306, 141 S.E. 883; *S. v. Harbert,* 185 N.C. 760, 118 S.E. 6. See also *Adams v. State,* 119 So. 189 (Miss.); *Brown v. State,* 85 S.E. 262 (Ga.); 87 C.J.S. 1113; 42 C.J.S. 1054; 27 Am. Jur. 649.

On the appeal defendants could only be tried for the crime for which they were convicted in the Municipal-County Court, viz., disturbing the possession of Gillespie Park Golf Course. The Superior Court could try them for a different crime upon a bill found or waived. *S. v. Mills,* 242 N.C. 604, 89 S.E. 2d 141; *S. v. Banks,* 241 N.C. 572, 86 S.E. 2d 76; *S. v. Hall,* 240 N.C. 109, 81 S.E. 2d 189; *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283; *S. v. Mills, ante,* 237.

The Superior Court has broad power to allow amendments to warrants. This power to amend is the power to make accurate and sufficient the statement of the crime asserted or attempted to be asserted. The court has no power to permit a warrant to be amended so as to charge an entirely different crime from the one on which defendant was convicted in the lower court. *S. v. McHone,* 243 N.C. 231, 90 S.E. 2d 536; *S. v. Clegg,* 214 N.C. 675, 200 S.E. 371; *S. v. Goff,* 205 N.C. 545, 172 S.E. 407; *S. v. Taylor,* 118 N.C. 1262.

When the court permitted the warrants to be amended so as to charge a trespass on property of a person (Gillespie Park Golf Club, Inc.) other than property of the person named in the original warrant, it substituted one criminal charge for another criminal charge. This different crime could only be charged by bill found or waived. The defendants have not waived bills.

The record discloses the fatal variance. It is our duty to note it. *S. v. Scott,* 237 N.C. 432, 75 S.E. 2d 154; *S. v. Stonestreet,* 243 N.C. 28, 89 S.E. 2d 734; *S. v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781. Defendants may, of course, now be tried under the original warrant since the court was without authority to allow the amendment changing the crime charged; or they may be tried on bills found in the Superior Court for the crime attempted to be charged by the amendment. *S. v. Strickland, supra; S. v. Hicks,* 233 N.C. 511, 64 S.E. 2d 871; *S. v. Sherrill,* 82 N.C. 694.

The judgment is
Arrested.

PARKER, J., concurring: In considering the amendments to the warrants the difficulty is in determining whether the amendments are as to a matter of form or go to the substance of the charge. I find in Annotations in 7 A.L.R., p. 1526 *et seq.,* and in 68 A.L.R., p. 930 *et seq.,* the statement that "the allowance by the court of an amendment to an indictment as to the name of the person alleged therein to be the owner of the property which is the subject of the crime is generally authorized, as the correction of a defect in form." In support of the text, cases are

cited from Iowa, Louisiana, Mississippi, New York, Pennsylvania, Vermont, Canada and England. An examination of a number of the cases cited discloses that the decisions were based on statutes of the various jurisdictions permitting in substance an amendment when a variance develops between the allegations in an indictment and the testimony as to the ownership of property.

Our statute G.S. 15-148—Manner of alleging joint ownership of property—does not permit the amendments allowed in the instant case. Nor do I know of any statute of ours that does so.

Warrants are, in most instances, drafted by laymen who are not learned in the technicalities of the law, and are not familiar with the necessity of stating in the warrant the correct name of the owner of property. The essence of the offense here is a trespass upon land after being forbidden. G.S. 14-134. The correct name of the lessee of the golf course was not stated in the original warrants. A study of the Record and defendants' brief discloses that the amendment to the warrants so as to allege the correct name of the lessee of the golf course did not affect the defense, or take the defendants at a disadvantage in any respect, as shown by the fact that their brief does not contend the allowance of the amendments to the original warrants was error. Yet, because of the defect in the name of the lessee, and by reason of the fact that we have no statute to permit an amendment in such a case, the judgment is arrested. The time of the trial has been wasted, and if the State desires to proceed further, it must start anew with new warrants.

One test to determine whether the change made was material is whether a verdict of conviction or acquittal on the warrant as drawn would be a bar to a warrant in the form in which it stood after the amendment. *Com. v. Snow,* 269 Mass. 598, 169 N.E. 542, 68 A.L.R. 920. It seems plain that a verdict of conviction or acquittal on the warrants in this case as drawn would not be a bar to the new warrants in the form to which they were changed by the amendments. It follows from these considerations that the change made in the warrants was one of substance and not of form.

In my opinion, the General Assembly, in its wisdom, should consider the advisability of enacting a statute that warrants issued by Justices of the Peace, Municipal or County Criminal Courts, can be amended on or before the trial, when there shall appear to be any variance between the allegations in the warrant and the evidence in setting forth the ownership of property, if the court should be of opinion that the amendment will not prejudice the defendant in his defense. Various states have done so, as appears in the cases cited in the A.L.R. Annotations referred to above.