DILDY *v.* STATE.

Opinion delivered May 13, 1912.

1. TRESPASS—INDICTMENT.—An indictment which alleges that defendant did enter upon lands of the prosecuting witness and place a fence thereon, without alleging that any demonstration of force was made, does not allege an offense, either statutory or at common law. (Page 432.)

2. CRIMINAL LAW—MOTION IN ARREST.—In a prosecution for criminal trespass, a motion in arrest should be granted, under Kirby's Digest, if the indictment fails to allege a public offense. (Page 434.)

Appeal from Howard Circuit Court; *Jefferson T. Cowling,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant was charged with criminal trespass, upon the following indictment, (caption omitted): ·

"The grand jury of Howard County, in the name and by the authority of the State of Arkansas, accuse S. C. Dildy of the crime of trespass, committed as follows towit:

"The said S. C. Dildy, in the county and State aforesaid, on the 15th day of May, 1911, did unlawfully and wilfully and without right enter upon certain land belonging to one J. E. Harris, situated in section 31, township 9 south, range 27 west, and thereon then and there did erect, build, construct and place a wire fence, having first been forbidden by said J. E. Harris to do the same, against the peace and dignity of the State of Arkansas."

Upon the trial, he was convicted by a jury, and a fine of ten dollars assessed against him.

He filed a motion in arrest of judgment, which was overruled, and, his motion for new trial being overruled, appealed to this court.

The testimony tends to show that he built a fence along what he claimed to be the line of his land and where an old fence had stood for years.

Harris, the injured party, testified "that the fence is about eight feet south of the boundary line of appellant's land and runs nearly fifteen feet on witness' land, that he went to appellant after he had been building on the fence one day and told him he was building the fence over on witness' land, and that appellant remarked that the line was over in witness' orchard, and that he was not placing his fence upon witness' land, and that appellant was giving witness fifteen or twenty, and maybe thirty, feet of land, and that he told appellant if he did not stop the fence right there and put it upon his own land that he would take the fence away from him, and appellant said, "I guess it will cause a law suit," and after he had told appellant not to put the fence upon his land appellant continued to build the fence until it was completed."

Several other witnesses testified as to the correct line between appellant's land and that of Harris, and there was no testimony of any show of force or threats made, other than as set out.

*Sain & Sain,* for appellant.

The indictment charges no crime. There is no statute making the building of a wire fence upon land belonging to another under claim of ownership; nor was it an offense at common law. Bish. on Cr. Law, vol. 1, (7 ed.) § 536, subd. 3, § 538; 2 *Id.* § 390. (3 ed.).

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

The jury passed on the question of good faith and belief that appellant was the owner of the land, and found against him. There is nothing for this court to decide as the matter was submitted under approprate instructions.

KIRBY, J., (after stating the facts). Appellant was not charged with the violation of a statute, nor with any offense at all, unless the indictment charges an offense under the common law.

"If a trespass does not injure, or threaten to injure the public to such an extent that public policy requires the State to interfere, it is a mere private wrong and not a crime. * * * A trespass that constitutes a breach of the public

peace and order, or that threatens a breach of the public peace and order, is a crime at common law. Thus, it is a misdemeanor at common law to commit a trespass on real property, if it is committed under such circumstances as to constitute or cause a breach of the peace." 1 Clark & Marshall's Law of Crimes, 45.

Bishop says: "A man is indictable for a forcible entry or trespass, who by a strong hand, awakening fear, wrests from another's peaceable possession either personal or real property, even though he is acting under a just claim." And in another section: "The mere trespass is not in these cases indictable; the act must go further. Yet the excited terror which will complete it may be wrought as well by a display of numbers as by other means." 1 Bishop's New Criminal Law, § § 536, 538. .

In *State* v. *Covington*, 70 N. C. 73, the court said:

"This court has repeatedly held that, to constitute the offense of forcible trespass, there must be a demonstration of force, as with weapons or multitude of people, so as to make a breach of the peace, or directly tend to it, or be calculated to intimidate or put in fear. *State* v. *Ray*, 10 Ired. 39; *State* v. *Ross*, 4 Jones 315; *State* v. *McCanless*, 9 Ired. 377. It is essential to the offense that there should be a demonstration of force, which is perhaps the best definition of the term '*manu forti*' and its equivalent, 'with strong hand.'" This demonstration of force is to be distinguished from *bare words*, which, however violent, can not of themselves constitute the force necessary to complete the offense. Words, accompanied by a display of weapons, or other signs of force, may constitute the offense, or words accompanied by numbers may be sufficient; but in either case there must be some outward act as distinguished from bare words, which are often only the exhibition of harmless passion, and do not, by themselves, constitute a breach of the peace. To complete the offense, there must not only be a demonstration of force, but it must be also such as is calculated to intimidate or put in fear." *State* v. *Lloyd*, 85 N. C. 573; *State* v. *Laney*, 87 N. C. 535. .

Thus it appears that, in order to constitute a criminal

or forcible trespass, there must be an actual demonstration of force, as with arms or numerous attendants.

Here the alleged trespass was not charged to have been committed forcibly or with stong hand, etc., and the evidence does not tend to show that it was committed by more than one man, and was unaccompanied by violence, hostile demonstration, threats, or any show of force, and amounted, at most, to but an ordinary civil trespass.

The indictment is insufficient, and does not charge a public offense, and the motion in arrest of judgment should have been sustained. Kirby's Digest, § 2427; *State* v. *Leathers,* 31 Ark. 44; *Rex* v. *Starr,* 3 Burrow 1700; *Rex* v. *Bake, Ib.* 1732.

Neither was there sufficient testimony to support the verdict, if an offense had been properly charged.

For these errors, the judgment is reversed, and the cause dismissed.