STATE *v.* DAVIS.

a mile before reaching it; that there were four lights on the car, shining brightly; that the defendant signalled several times in an effort to get the lights dimmed but got no response; that he reduced his speed from about 45 to 30 miles an hour and undertook to pass the car on his right side of the road. The left front door of intestate's car was open. The defendant testified, "My front bumper and above the headlight of my car struck the door of that other car. My car was in the ditch and traveling about 30 miles an hour when it hit Jack Harrington. * * * My right front wheel was in the ditch when I hit the door of the other car. * * * My car struck the door of the other car and him both at one time, both together."

The evidence further tends to show that the defendant's car skidded about ten feet after hitting plaintiff's intestate who was lying about two feet to the rear of the rear bumper of defendant's car when it stopped. Defendant never saw the open door of the intestate's car or the intestate until he hit them. No one was in the intestate's car at the time of the collision and the motor was not running.

·The physician who examined plaintiff's intestate shortly after the accident testified, "I observed the odor of alcohol about Mr. Harrington. I could not determine how much or tell how much alcohol he had had. The odor of alcohol was coming from his lungs." Plaintiff's intestate died on 23 June 1962 as the result of the injuries he sustained in the accident.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit and the motion was sustained. Plaintiff appeals, assigning error.

*E. A. Hightower for plaintiff appellant.*
*Taylor, Kitchin & Taylor for defendant appellee.*

---

STATE v. BENNIE B. DAVIS.

(Filed 15 April, 1964.)

**1. Automobiles § 70; Indictment and Warrant § 12—**

A warrant charging that defendant, while under the influence of intoxicating liquor, operated a motor vehicle on a public highway or street cannot be

amended so as to charge that defendant so operated the vehicle while on the premises of a business in the parking space provided for customers thereof, since the two offenses are separate and distinct. G.S. 20-138, G.S. 20-139.

**2. Criminal Law § 121—**

On appeal from an inferior court the Superior Court must try defendant upon the original warrant in the absence of an indictment, and when defendant is tried under an unauthorized amendment to the original warrant motion in arrest of judgment must be allowed.

APPEAL by defendant from *Hobgood, J.,* February 1964 Criminal Session of WAKE.

Defendant was tried in the City Court of Raleigh on a warrant charging that defendant on September 7, 1963, "did willfully, maliciously and unlawfully drive an automobile *on the public highways* of Raleigh Township and *on the public streets* of the City while under the influence of intoxicating liquor at the Windmill Drive-In parking lot . . ." (Our italics). From conviction and judgment, defendant appealed to the Superior Court of Wake County.

When the case was called for trial in the superior court, the court allowed the solicitor's motion for leave to amend the original warrant so as to charge that defendant on September 7, 1963, "did unlawfully, willfully and maliciously drive an automobile *upon the grounds and premises of a store, restaurant, and other business providing parking space for customers, patrons and the public* while under the influence of intoxicating liquor . . ." (Our italics). Defendant excepted.

The jury returned a verdict of guilty as charged in the warrant as amended. Thereupon, defendant moved in arrest of judgment and excepted to the denial of his motion. The court pronounced judgment. Defendant excepted and appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*Earle R. Purser for defendant appellant.*

PER CURIAM. The original warrant charges a violation of G.S. 20-138. The warrant as amended charges a violation of G.S. 20-139. Each of these statutes creates and defines a separate criminal offense. Hence, the court had no power to permit the original warrant "to be amended so as to charge an entirely different crime from the one on which defendant was convicted in the lower court." *S. v. Cooke,* 246 N.C. 518, 521, 98 S.E. 2d 885, and cases cited; *S. v. Cofield,* 247 N.C. 185, 188, 100 S.E. 2d 355. Defendant's exception to the amendment to the original warrant is well taken.

Absent a bill of indictment (see G.S. 7-64), the only jurisdiction of the superior court on appeal was to try defendant for the specific misdemeanor for which he had been tried and convicted in the City Court of Raleigh, to wit, a violation of G.S. 20-138 as charged in the original warrant. *S. v. Hall,* 240 N.C. 109, 111, 81 S.E. 2d 189; *S. v. Mills,* 246 N.C. 237, 246, 98 S.E. 2d 329. Hence, defendant's motion in arrest of judgment should have been and is now allowed.

Judgment arrested.