STATE OF NORTH CAROLINA v. ALBERT J. VAILLANCOURT, JR.

(Filed 14 December, 1966.)

Escape § 1—

> While it is error in a prosecution for escape to permit the assistant superintendent of a prison to testify over objection as to the contents of the commitment, instead of introducing the commitment itself in evidence, where the defendant himself testified that at the time of his escape he was serving a life sentence, defendant's testimony cures the error, it not being necessary that the State show the exact felony for which defendant was committed.

APPEAL by defendant from *Cowper, J.,* at the August 1966 Session of NORTHAMPTON.

The defendant was tried under an indictment charging that while he was lawfully confined in the North Carolina State Prison System, "serving a sentence for the crime of Murder in the 1st degree (Sentence life) which is a Felony," he "unlawfully, wilfully, and feloniously did attempt to escape and escaped." To this indictment he entered a plea of "not guilty." The jury returned a verdict of "guilty." The judgment of the court was that he be committed to the county jail and assigned to work under the supervision of the State Prison Department for a term of one year, to begin at the expiration of the sentence which he was serving at the time of the escape.

Donald E. Batton, a witness for the State, testified that he is the assistant superintendent of the Odom Prison Unit of the State Prison Department and that the defendant was imprisoned there on 13 June 1966. The testimony of this witness and of two other officers of the State Prison Department is to the effect that on that date the defendant, without permission, left the field of the Odom Prison Farm, in which he was assigned to work, and some four hours later was recaptured by a searching party in a wooded area a mile beyond the limits of the Odom Prison Farm.

The witness Batton further testified that he was the custodian of the records of the Odom Prison Camp, which records he had present in the courtroom and which records were "certified." Over objection by the defendant, this witness was then permitted to read "the commitment," as follows:

> "November 9, 1960, Davidson County Superior Court, North Carolina, No. 9963, charged with murder in the first degree, and sentenced for the remainder of his natural life."

The defendant, called as a witness in his own behalf, testified on direct examination:

"I am serving a life sentence. I was tried in November 1960 in Davidson County Superior Court by Judge Don Phillips. I had been at Odom Prison Farm five years next month before I left."

On cross examination the defendant testified that he did not intend to return to the farm when he left, but intended to escape, and that he left the farm "to keep from doing something that would have given me another life sentence or the gas chamber."

*Attorney General Bruton and Staff Attorney Theodore C. Brown, Jr., for the State.*
*Perry W. Martin and Felton Turner, Jr., for defendant.*

PER CURIAM. The defendant having entered a plea of not guilty, it was necessary for the State to prove beyond a reasonable doubt each element of the offense charged in the bill of indictment. *State v. Mason*, 268 N.C. 423, 150 S.E. 2d 753. One of these was the fact that at the time of the escape the defendant was serving a sentence imposed upon conviction of a felony. *State v. Stallings*, 267 N.C. 405, 148 S.E. 2d 252. While a properly certified copy of the commitment, under which the defendant was in custody at the time of the escape, is competent evidence to show the lawfulness of the custody and the type of offense for which he was committed, *State v. Stallings, supra*, the record here does not show that the commitment, itself, was introduced in evidence. While it was error to permit the assistant superintendent, over objection, to testify as to the contents of the commitment, the defendant's own testimony shows that he was serving a life sentence. This clearly establishes that he was in custody "serving a sentence imposed upon conviction of a felony." It is not necessary for the State to show the exact felony for which he was committed. *State v. Stallings, supra*. The defendant's testimony cured the error in admitting the testimony offered by the State. *State v. Adams*, 245 N.C. 344, 95 S.E. 2d 902.

We have carefully considered the exceptions by the defendant to the charge of the court to the jury. When the charge is considered in its entirety, we find no prejudicial error therein.

No error.