STATE OF NORTH CAROLINA v. JAMES GARLAND BROWN

No. 7110SC707

(Filed 29 December 1971)

**1. Criminal Law § 166— abandonment of assignments of error**

Assignments of error not brought forward and argued in the brief are deemed abandoned. Court of Appeals Rule 28.

**2. Automobiles § 125— drunken driving on public parking lot — warrant**

Warrant alleging that on a specified date defendant "did unlawfully and wilfully drive a vehicle on a public parking lot of this State while under the influence of intoxicating liquor. To wit: 1126 S. Saunders St., Raleigh," *held* sufficient to charge a violation of G.S. 20-139.

**3. Automobiles § 126; Criminal Law § 64— drunken driving on public parking lot — refusal to take breathalyzer test — inadmissibility**

Evidence of defendant's refusal to take a breathalyzer test was inadmissible in a June 1971 trial for an offense of driving on a public parking lot while under the influence of intoxicating liquor which occurred in October 1970, the statute allowing such testimony then being applicable only to offenses on the public highways. G.S. 20-139.1(f) prior to its amendment effective 1 October 1971.

APPEAL by defendant from *Hall, Judge,* 24 June 1971 Session of Superior Court, WAKE County.

Defendant was charged with driving under the influence on a public parking lot. He was convicted by a jury and appealed from the judgment entered on the verdict.

*Attorney General Morgan, by Associate Attorney General Price, for the State.*

*James F. Penny, Jr., for defendant appellant.*

MORRIS, Judge.

[1] The record contains 22 assignments of error. Nos. 2, 3, 4, 6, 14, 18, 19, 20, 21 and 22 are not brought forward and argued in appellant's brief. They are, therefore, deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

[2] By his first assignment of error, defendant contends the trial tribunal erred in failing to sustain his motion to quash the warrant. The warrant charged that "on or about the 3 day

of Oct. 1970, the defendant named above did unlawfully and wilfully drive a vehicle on a public parking lot of this State while under the influence of intoxicating liquor. To wit: 1126 S. Saunders St., Raleigh." The ground for defendant's motion is that the warrant fails to charge the defendant with a criminal offense in that it doesn't inform him of the violation with which he is charged. Defendant argues that G.S. 20-138 and G.S. 20-139 each creates and defines a separate criminal offense. With this position we agree. *State v. Davis,* 261 N.C. 655, 135 S.E. 2d 663 (1964). G.S. 20-138 makes the operation of a *vehicle upon the public highways* while under the influence of an intoxicating beverage a criminal offense. G.S. 20-139 makes the operation of a *motor vehicle* on the *grounds of a business* while under the influence of an intoxicating beverage a criminal offense. Here the charge was under G.S. 20-139, and the warrant used the word "vehicle" rather than "motor vehicle." Of course, it would be better to use the words "motor vehicle." Nevertheless, the warrant sufficiently describes the charge against defendant in a plain, intelligible, and explicit manner. It is sufficient to enable the court to proceed to judgment and thus bar another prosecution for the same offense. *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133 (1954). We can perceive no way in which the phraseology used in the warrant could have been prejudicial to defendant. This assignment of error is overruled.

[3] The court allowed the arresting officer and another officer to testify, over objection, that defendant had refused to take the breathalyzer test and also allowed the solicitor to argue, over objection, that defendant's refusal and failure to take the test was within itself an indication of guilty knowledge. In so doing, the trial tribunal committed prejudicial error. The 1963 General Assembly enacted G.S. 20-16.2(b) which provided:

> "If a person under arrest refuses to submit to a chemical test under the provisions of G.S. 20-16.2, evidence of refusal shall be admissible in any criminal action growing out of an alleged violation of driving a motor vehicle upon the public highways of this State or any area enumerated in G.S. 20-139 while under the influence of intoxicating liquor. Provided: That before evidence of refusal shall be admissible in evidence in any such criminal action the court, upon motion duly made in apt time by the defendant, shall make due inquiry in the absence of the jury as to the

character of the alleged refusal and the circumstances under which the alleged refusal occurred; and both the State and the accused shall be entitled to offer evidence upon the question of whether or not the accused actually refused to submit to the chemical test provided in G.S. 20-139.1."

The 1969 General Assembly amended G.S. 20-16.2, G.S. 20-139.1 and G.S. 20-179. The result was that the provision quoted above became G.S. 20-139.1 (f) and provided:

"If a person under arrest refuses to submit to a chemical test under the provisions of G.S. 20-16.2, evidence of refusal shall be admissible in any criminal action arising out of acts alleged to have been committed while the person was driving a motor vehicle upon the public highways of this State while under the influence of intoxicating liquor."

Either by inadvertence or intent, the General Assembly removed the admissibility of evidence of refusal where the defendant was charged with driving on a public parking lot while under the influence of intoxicating liquor.

The 1971 General Assembly again amended the statute and remedied the deficiency. G.S. 20-139.1 (f) now provides:

"If a person under arrest refuses to submit to a chemical test or tests under the provisions of G.S. 20-16.2, evidence of refusal shall be admissible in any criminal action arising out of acts alleged to have been committed while the person was driving or operating a vehicle while under the influence of intoxicating liquor."

The offense with which this defendant was charged occurred on 3 October 1970, and his trial took place in June 1971. Therefore, the 1969 statutory provision was effective, limiting admissibility of evidence of refusal to take the test to cases involving charge of driving a motor vehicle upon the *public highways* of this State while under the influence of intoxicating liquor. Under these circumstances, it was error for the trial tribunal to allow the testimony of the officers to be admitted, to allow the solicitor to make the refusal a subject of his argument to the jury, and for the trial tribunal to refer to defendant's refusal in his charge to the jury.

We do not discuss defendant's other argued assignments of error because they are not likely to occur upon a new trial.

New trial.

Judges CAMPBELL and PARKER concur.