STATE OF NORTH CAROLINA v. WALTER LEE SADLER

No. 739SC485

(Filed 24 October 1973)

1. Indictment and Warrant § 12— amendment of warrant — same crime charged — amendment proper

Where the original warrant read in pertinent part, "N. C. Department of Correction, Vance County Subsidiary #4080," but the warrant was read and amended in open court to charge defendant with escape from "North Carolina Dept. of Correction in Granville County, Number 4080," the statutory offense charged, escape from a N. C. correctional unit in violation of G.S. 148-45, was never altered so that an entirely different offense was charged; therefore, the amendment to the warrant was not invalid.

2. Criminal Law § 15— objection to venue — plea in abatement required

Defendant waived any objection he might have had as to venue when he failed to plead in abatement. G.S. 15-134.

3. Criminal Law § 99; Escape § 1— prison records not introduced — testimony proper — questions by trial court — no expression of opinion

Defendant failed to show that he was prejudiced in any way by testimony of a prison official from unintroduced records all of which concerned defendant's past record of disciplinary charges; furthermore, questions by the trial court with respect to the records were proper where the judge elicited the fact that defendant was found not guilty of the disciplinary charges, and the court could therefore instruct the jury to disregard testimony relative to the charges.

4. Escape § 1— county of escape — failure to instruct — no error

Where defendant was assigned to a N. C. correctional unit in Vance County, was at all times under the supervision of guards from the Vance County Unit, but escaped from the unit while a group of inmates was working in Granville County, the trial court did not err in failing to instruct the jury that the escape actually occurred in Granville County and that defendant could not be convicted under a warrant charging an escape in Vance County, since that fact did not affect defendant's guilt or innocence.

ON *Certiorari* to review judgment of *Hobgood, Judge,* 20 November 1972 Criminal Session, VANCE Superior Court.

Walter Lee Sadler was charged with felonious escape in violation of G.S. 148-45 by a warrant dated 7 September 1972. At the time of his escape he was serving a one day to six-year sentence on a charge of uttering a forged check. Sadler was located at the North Carolina Department of Corrections, Vance County Subsidiary No. 4080. The defendant was one of a group of inmates chosen to work during the day at the State's Enter-

prise Meat Processing Plant at Butner in Granville County. The inmates are bussed daily to Butner and back under the supervision of a guard from the Vance County unit. The same guard also has the prisoners under his surveillance while they are working under the supervision of the permanent staff of the meat processing plant. On 31 August 1972 Sadler walked away from the Enterprise Meat Processing Plant and was reported an escapee. Some six hours later the defendant, from a service station near Stovall, N. C., in Granville County, called the Vance County unit to turn himself in. The warrant, laid in Vance County, charging the defendant read:

"The undersigned, James F. Jernigan, Correctional Sgt., being duly sworn, complains and says that at and in the county named above and on or about the 31 day of August, 1972, the defendant named above did unlawfully, wilfully and feloniously escaped (sic) from the N. C. Department of Correction, Vance County Subsidiary #4080, while serving a 1 day to 6 year sentence for Uttering Forged Check. This sentence was imposed by the Hon. W. K. McLean in the Superior Court for Mecklenburg County, on the 13th day of August 1971.

The offense charged here was committed against the peace and dignity of the State and in violation of law G.S. 148-45."

The defendant executed an affidavit of indigency and was appointed counsel relative to the hearing in the District Court of Vance County. The defendant, through his court-appointed attorney, tendered a plea of guilty to misdemeanor escape which was accepted and judgment entered thereon.

Subsequently, Sadler gave notice of appeal to the Superior Court of Vance County indicating he desired to retain his own attorney. On September 25, 1972, Sadler executed a waiver of right to counsel. On November 21, 1972, Walter Lee Sadler was tried in the Superior Court *"de novo"* on the charge of misdemeanor escape. Acting as his own attorney, defendant entered a plea of not guilty. From a verdict of guilty and a sentence pronounced thereon, the defendant gave notice of appeal to the North Carolina Court of Appeals. On December 11, 1972, an order was entered appointing counsel for said indigent relative to his appeal. Certiorari was granted May 2, 1973.

*Attorney General Robert Morgan by Associate Attorney William Woodward Webb for the State.*

*Zollicoffer & Zollicoffer by John H. Zollicoffer, Jr., for the defendant appellant.*

CAMPBELL, Judge.

[1] The defendant moved for arrest of judgment on the grounds that he was tried in the Superior Court of Vance County under an unauthorized amendment to the original warrant. The original warrant in pertinent part read, "N. C. Department of Correction, Vance County Subsidiary #4080." The warrant was read and amended in open court to charge the defendant with escape from "North Carolina Dept. of Correction in Granville County, Number 4080." The defendant alleges that the Vance County Superior Court lacked jurisdiction to try the defendant on the amended warrant because it charged a different offense from that for which he was convicted in the lower court.

It is true that the court has "no power to permit the original warrant to be amended so as to charge an entirely different crime from the one on which the defendant was convicted in the lower court." *State v. Davis,* 261 N.C. 655, 135 S.E. 2d 663 (1964). *State v. Cooke,* 246 N.C. 518, 98 S.E. 2d 885 (1957). The warrant in the case at bar could have more clearly stated that "Number 4080" was a Vance County Subsidiary of the North Carolina Department of Correction and that the defendant, while a member of said unit, was working in Granville County when the alleged escape took place. However, the statutory offense charged, escape from a North Carolina correctional unit in violation of G.S. 148-45, was never altered. The amendment did not charge an entirely different offense and hence is not invalid. *State v. Brown,* 225 N.C. 22, 33 S.E. 2d 121 (1945); *State v. Mills,* 181 N.C. 530, 106 S.E. 677 (1921).

[2] The defendant asserts that Vance County was not the proper venue for this trial. However, any objection the defendant may have had as to venue has been waived. G.S. 15-134 provides:

"[I]n the prosecution of all offenses it shall be deemed and taken as true that the offense was committed in the county in which by the indictment it is alleged to have taken place,

unless the defendant shall deny the same by plea in abatement, . . ."

It has long been established that a defendant waives any objection to improper venue by not pleading in abatement. *State v. Ray*, 209 N.C. 772, 184 S.E. 836 (1936).

Defendant also assigned as error the same grounds on which he made his motion for arrest of judgment, *i.e.*, that the warrant was amended to charge a different offense. We find this contention without merit. We also find that there was no fatal variance between the warrant and the evidence elicited at trial.

[3] The defendant contends that the trial court erred in the admission of testimony concerning unidentified records which had not been introduced into the record, and in asking questions relative thereto. Defendant cites *State v. Vaillancourt*, 268 N.C. 705, 151 S.E. 2d 610 (1966). In *Vaillancourt, supra*, the court, in dealing with the issue of lawful custody, held that while it was error in a prosecution for escape to permit a prison official to testify over objection as to the contents of the commitment instead of introducing the commitment itself, that where the defendant himself testified that at the time of his escape, he was serving a life sentence, defendant's testimony cures the error. In the case at bar appellant has not shown that he has been prejudiced in any way by the testimony from unintroduced records all of which concerned Sadler's past record of disciplinary charges.

> "Mere technical error will not entitle defendant to a new trial; it is necessary that error be material and prejudicial and amount to a denial of some substantial right. Whether technical error is prejudicial is to be determined upon the basis of whether there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." *State v. Garnett*, 4 N.C. App. 367, 167 S.E. 2d 63 (1969).

The questions put forward by the trial judge did not compound the error. Rather, he was able to elicit the fact that defendant had been found not guilty of the disciplinary charges referred to and therefore to instruct the jury to disregard testimony relative to such charges.

". . . It is entirely proper, and sometimes necessary, that they [trial judges] ask questions of a witness so that the 'truth, the whole truth, and nothing but the truth' be laid before the jury. . . ." *Eekhout v. Cole,* 135 N.C. 583, 47 S.E. 655 (1904).

[4] Defendant also contends that the trial judge committed error in failing to charge that the escape actually occurred in Granville County and that the defendant would therefore not be guilty of the offense charged in the warrant. In *State v. Outerbridge,* 82 N.C. 619 (1880), the court stated:

"No witness having testified that the place where the deceased was killed was in the county of Bertie, the prisoner's counsel prayed for the following instructions, to-wit: 'It is the duty of the State to satisfy the jury beyond a reasonable doubt that the offense was committed in manner and form as charged in the bill of indictment, and as there is no evidence before the jury that Peter Freeman was shot, assaulted or died in Bertie County, it is their duty to acquit.' The Court declined to give the instruction, holding that under section 70, chapter 33, of Battle's Revisal, the objection could only be raised for the benefit of the prisoner by plea in abatement.

Since the act of 1844 it has not been necessary on the trial of an indictment, either for felony or misdemeanor, for the State to prove the offense to have been committed in the county where the defendant is indicted. The act is very broad in its terms, and the language used is 'that in the prosecution of *all* offenses it shall be deemed and taken as true that the offense was committed in the county in which, by the indictment, it is alleged to have taken place, unless the defendant shall deny the same by plea in abatement.' . . . There was no error in the refusal to give this instruction."

Defendant's contention has no merit. He was at all relevant times assigned to Vance County Unit No. 4080 and was at all times under the supervision of guards from the Vance County Unit. It was from the custody of the Vance County Unit while at the Enterprise Meat Processing Plant that defendant escaped and defendant's guilt or innocence is not changed by the fact that the Enterprise Meat Processing Plant is actually in Granville County. There was no error in the judge's charge.

We have examined the other assignments of error brought forward by the defendant and find them without merit.

No error.

Judges PARKER and VAUGHN concur.