State v. Caudill

No. 8323SC1064

(Filed 1 May 1984)

1. **Parent and Child § 9— superior court without jurisdiction in non-support case**
    In an action in which defendant was tried and convicted in district court for failure to support his legitimate child under G.S. 14-322, where defendant appealed to superior court and filed a motion to dismiss in which he stated that the child was not his legitimate child, and where, instead of ruling on

defendant's motion, the superior court allowed the State upon an oral motion to file a misdemeanor statement of charges alleging defendant's failure to support his illegitimate child in violation of G.S. 49-2, the superior court did not obtain jurisdiction pursuant to G.S. 15A-922 since the statement of charges filed in the superior court changed the nature of the offense that defendant was charged with and convicted of in the district court.

**2. Bastards § 3— statute of limitations barring prosecution for failure to support illegitimate child**

  The three year statute of limitations contained in G.S. 49-4 barred the State from charging defendant with a violation of G.S. 49-2, failure to support an illegitimate child.

APPEAL by defendant from *Collier, Judge.* Judgment entered 11 May 1983 in ALLEGHANY County Superior Court. Heard in the Court of Appeals 11 April 1984.

On 1 July 1981, defendant was charged with unlawfully and willfully neglecting and refusing to support his child, Jessica Beth Absher, age two, in violation of N.C. Gen. Stat. § 14-322 (1981). Defendant was tried and found guilty in Alleghany County District Court. From a judgment sentencing defendant to six months in the county jail, suspended upon the condition that he provide support for the child, he appealed to superior court.

On 14 October 1982, defendant filed a motion to dismiss in superior court. As grounds for his motion defendant argued that he was charged under G.S. § 14-322, which makes it a crime to fail to support one's legitimate children and that Jessica Beth Absher was not his legitimate child. The superior court did not rule on defendant's motion. Instead, the court allowed the State upon an oral motion to file a misdemeanor statement of charges alleging that defendant "did unlawfully and willfully neglect and refuse to provide adequate support and maintain Jessica Beth Absher, his illegitimate child born to Barbara Absher on the 23rd day of July, 1978," in violation of N.C. Gen. Stat. § 49-2 (1983 Cum. Supp.). The misdemeanor statement of charges was filed on 19 October 1982.

Defendant was tried and convicted under the misdemeanor statement of charges in superior court. From a judgment sentencing him to six months in the county jail, suspended upon the condition that he pay support, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General David Gordon, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant.*

WELLS, Judge.

[1]  Defendant first contends "[t]he superior court was without jurisdiction to try the defendant on a statement of charges filed in superior court for an April 11, 1981 § 49-2 bastardy violation where the case arose upon defendant's appeal for a trial *de novo* from a district court conviction for a 23 July 1978 § 14-322 nonsupport violation." We agree.

Violation of G.S. § 49-2 is a misdemeanor over which the district court had exclusive original jurisdiction. Until defendant was tried and convicted of this offense in district court and appealed to the superior court for a trial *de novo* the superior court has no jurisdiction. *State v. Killian,* 61 N.C. App. 155, 300 S.E. 2d 257 (1983). The State attempts to argue that the superior court obtained jurisdiction pursuant to N.C. Gen. Stat. § 15A-922 (1983). In pertinent part, G.S. § 15A-922 provides:

> . . .
>
> (d) Statement of Charges upon Determination of Prosecutor.—The prosecutor may file a statement of charges upon his own determination *at any time prior to arraignment in the district court.* It may charge the same offenses as the citation, criminal summons, warrant for arrest, or magistrate's order or additional or different offenses.
>
> (e) Objection to Sufficiency of Criminal Summons . . .—If the defendant by appropriate motion objects to the sufficiency of a criminal summons, warrant for arrest, or magistrate's order as a pleading, at the time of or after arraignment in the district court or upon trial de novo in the superior court, and the judge rules that the pleading is insufficient, the prosecutor may file a statement of charges, but *a statement of charges filed pursuant to this authorization may not change the nature of the offense.* (Emphasis supplied.)

It is clear that the superior court could obtain jurisdiction in this case only if the statement of charges did not change the nature of the offense that defendant was charged with and convicted of in the district court.

G.S. § 14-322, the offense with which defendant was originally charged, relates only to the offense of failure to support one's legitimate children. *See Allen v. Hunnicutt*, 230 N.C. 49, 52 S.E. 2d 18 (1949). A person may be convicted for non-support of his illegitimate children only under G.S. § 49-2. Since these statutes provide separate punishment for distinctive criminal offenses, the misdemeanor statement of charges changed the nature of the offense with which defendant was accused, and therefore the superior court could not have obtained jurisdiction pursuant to G.S. § 15A-922. The conviction must therefore be reversed.

[2] Defendant further argues that the State was barred from charging him with violation of G.S. § 49-2 because the action was barred by the three year statute of limitations, contained in G.S. § 49-4.[1] Again we must agree.

G.S. § 49-4 provides:

*When Prosecution May Be Commenced.* — The prosecution of the reputed father of an illegitimate child may be instituted under this Chapter within any of the following periods, and not thereafter:

(1) Three years next after the birth of the child; or

(2) Where the paternity of the child has been judicially determined within three years next after its birth, at any time before the child attains the age of 18 years; or

---

1. The three-year limitations period for criminal prosecutions under G.S. § 49-2 was held not to violate the Equal Protection Clause of the United States Constitution in *State v. Beasley*, 57 N.C. App. 208, 290 S.E. 2d 730, *disc. rev. denied*, 306 N.C. 559, 294 S.E. 2d 225 (1982). The court held that the limitations period is constitutional, despite the fact that there is no limitations period under G.S. § 14-322(d) for parents who willfully fail to support their legitimate children. *Compare, however, Cogdell v. Johnson*, 46 N.C. App. 182, 264 S.E. 2d 816 (1980), Annot., 16 A.L.R. 4th 919 (1982), holding that the three-year limitations period under G.S. § 49-14(c)(1) for civil actions to enforce support of illegitimate children violated the Equal Protection Clause, in light of the fact that there is no limitations period under G.S. § 50-13.4 for actions to enforce support of legitimate children.

(3) Where the reputed father has acknowledged paternity of the child by payments for the support thereof within three years next after the birth of such child, three years from the date of the last payment whether such last payment was made within three years of the birth of such child or thereafter: Provided, the action is instituted before the child attains the age of 18 years.

. . .

Jessica Absher was born on 23 July 1978. The statement of charges was filed against defendant on 19 October 1982, over four years following Jessica's birth. G.S. § 49-4 clearly forecloses any prosecution of defendant on this charge, since none of the statutory exceptions apply.

The State contends that the misdemeanor statement of charges should relate back to the date of the original warrant charging defendant under G.S. § 14-322. We cannot accept this contention because the offenses charged are separate and distinct offenses requiring different elements to convict defendant. We would also note that the offenses contain different statutes of limitation.

For the foregoing reasons defendant's conviction must be reversed.

Reversed and judgment vacated.

Judges BECTON and JOHNSON concur.