NO. COA13-359

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

    v.

MAURICE ERSEL CARLTON,
    Defendant.

Wayne County
No. 11 CRS 5425

Appeal by defendant from judgment entered 2 August 2012 by Judge Charles H. Henry in Wayne County Superior Court. Heard in the Court of Appeals 12 September 2013.

> *Roy Cooper, Attorney General, by David Shick, Associate Attorney General, for the State.*

> *Gerding Blass, PLLC, by Danielle Blass for defendant-appellant.*

DAVIS, Judge.

Maurice Ersel Carlton ("Defendant") appeals from his conviction for possession of tickets used in an illegal lottery. On appeal, he argues that the trial court did not have jurisdiction to try him on the possession of lottery tickets offense. After careful review, we vacate the trial court's judgment.

**Factual Background**

On 11 September 2011, Officer Matthew Fishman ("Officer

Fishman") of the Mount Olive Police Department was on patrol and noticed that the right rear brake light on Defendant's vehicle was not functioning properly. Officer Fishman initiated a traffic stop and asked Defendant to step out of the vehicle. He then issued Defendant a warning citation, returned his license and registration, and asked Defendant if "there was anything in the vehicle . . . that [he] needed to know about." Defendant replied: "[N]o, you're welcome to look."

Officer Fishman conducted a search of the vehicle and located "approximately 10 carbon copy books which contained a white, pink, and yellow copy" and a calculator in the center console of the car. He proceeded to issue Defendant a North Carolina Uniform Citation purporting to charge Defendant with violating N.C. Gen. Stat. § 14-291.[1] The citation simply stated that "[a] person . . . guilty of this offense acts as an agent in this state for a lottery."

The case was first tried before the Honorable Charles P. Gaylor, III in Wayne County District Court on 9 March 2012. Judge Gaylor found Defendant guilty of "operating [a] lottery" in

---

[1] The citation also charged Defendant with misdemeanor simple possession of marijuana. Because Defendant was found not guilty of this offense by the district court, that charge is not relevant to this appeal.

violation of N.C. Gen. Stat. § 14-290 (rather than § 14-291, the statute referenced on the citation) and sentenced him to 45 days imprisonment. Judge Gaylor then suspended the sentence and placed Defendant on unsupervised probation for six months. Defendant appealed his conviction to Wayne County Superior Court.

A jury trial was held on 2 August 2012 in Wayne County Superior Court before the Honorable Charles H. Henry. Immediately prior to the trial, the prosecutor informed Judge Henry that "[t]he State had made a motion at the district court trial to have the charging statute amended . . . [I]t was originally charged as 14-291 and during the district court proceeding the State amended that to 14-290 and that was allowed by the district court judge."[2]

The trial proceeded on the charge of possession of tickets used in the operation of an illegal lottery in violation of N.C. Gen. Stat. § 14-290, and the jury found Defendant guilty of that offense. Judge Henry entered judgment on the jury's verdict and sentenced Defendant to 60 days imprisonment but suspended the sentence and placed him on supervised probation for 18 months.

---

[2] The record on appeal does not contain written documentation of the purported amendment or a transcript of the district court proceedings. The prosecutor's statement to the trial court is the only indication in the record that the district court consented to the State's request to have the citation amended in this fashion.

Defendant gave notice of appeal in open court.

## Analysis

Defendant argues that the superior court lacked jurisdiction to try him for possession of lottery tickets in violation of N.C. Gen. Stat. § 14-290. We agree.

The confusion in this case arises from the fact that two separate criminal statutes are implicated — N.C. Gen. Stat. § 14-291 (the original charging statute) and N.C. Gen. Stat. § 14-290 (the statute under which Defendant was convicted in both district and superior court).[3] N.C. Gen. Stat. § 14-291, the original

---

[3] A source of additional confusion lies in the fact that the written judgment mistakenly lists a *third* statute — N.C. Gen. Stat. § 14-291.1 — as the statute prohibiting possession of lottery tickets instead of listing § 14-290. This mistake in the judgment is noted by both parties in their respective briefs but treated as a clerical error. Although § 14-291.1 — like § 14-290 — punishes the possession of tickets used in illegal lotteries, its particular elements are inconsistent with the jury instructions provided by the trial court. Furthermore, entering judgment on a violation of § 14-291.1 would be contrary to the pretrial dialogue in which the prosecutor explained that he was proceeding on a charge of possession of tickets used in an illegal lottery in violation of § 14-290. As such, we agree with the parties that the reference to § 14-291.1 on the written judgment is appropriately deemed a clerical error. *See State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (defining clerical error as "[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination") (citation and quotation marks omitted)). Therefore, our analysis of this appeal treats Defendant's conviction as arising under § 14-290. Moreover, because we are vacating the judgment for lack of jurisdiction, we need not remand for the correction of this clerical error.

charging statute identified in the citation, provides as follows:

> Except as provided in Chapter 18C of the General Statutes or in connection with a lawful raffle as provided in Part 2 of this Article, if any person shall sell, barter or otherwise dispose of any lottery ticket or order for any number of shares in any lottery, or shall in anywise be concerned in such lottery, by acting as agent in the State for or on behalf of any such lottery, to be drawn or paid either out of or within the State, such person shall be guilty of a Class 2 misdemeanor.

N.C. Gen. Stat. § 14-291 (2011).

Thus, in order to successfully prosecute Defendant under § 14-291, the State is required to prove that (1) Defendant acted as an agent in the State (2) for or on behalf of a lottery. *See State v. Heglar*, 225 N.C. 220, 223, 34 S.E.2d 76, 77 (1945) (reversing trial court's denial of defendants' motion to dismiss alleged violation of N.C. Gen. Stat. § 14-291 where there was no evidence that defendants "were agents for others in the operation of a lottery"). An agent is typically defined as an individual who is not merely "a subordinate employee without discretion, but . . . one . . . having some charge or measure of control over the business entrusted to him or some feature of it . . . ." *Carolina Paper Co. v. Bouchelle*, 19 N.C. App. 697, 699, 200 S.E.2d 203, 205 (citation and quotation marks omitted), *aff'd*, 285 N.C. 56, 203 S.E.2d 1 (1974).

N.C. Gen. Stat. § 14-290, on the other hand, reads as follows:

> Except as provided in Chapter 18C of the General Statutes or in connection with a lawful raffle as provided in Part 2 of this Article, if any person shall open, set on foot, carry on, promote, make or draw, publicly or privately, a lottery, by whatever name, style or title the same may be denominated or known; or if any person shall, by such way and means, expose or set to sale any house, real estate, goods, chattels, cash, written evidence of debt, certificates of claims or any other thing of value whatsoever, every person so offending shall be guilty of a Class 2 misdemeanor which may include a fine not to exceed two thousand dollars ($2,000). Any person who engages in disposing of any species of property whatsoever, including money and evidences of debt, or in any manner distributes gifts or prizes upon tickets, bottle crowns, bottle caps, seals on containers, other devices or certificates sold for that purpose, shall be held liable to prosecution under this section. Any person who shall have in his possession any tickets, certificates or orders used in the operation of any lottery shall be held liable under this section, and the mere possession of such tickets shall be prima facie evidence of the violation of this section. This section shall not apply to the possession of a lottery ticket or share for a lottery game being lawfully conducted in another state.

N.C. Gen. Stat. § 14-290 (2011).

In order to establish a violation of § 14-290, therefore, the State need only establish that Defendant (1) knowingly possessed (2) lottery tickets (3) used in the operation of a lottery. Furthermore, mere possession of such lottery tickets is *prima facie*

evidence of a violation of the statute. *Id.* As such, if the jury finds beyond a reasonable doubt that the defendant knowingly possessed the lottery tickets, it may also infer that those tickets were used in the operation of a lottery. *See State v. Dawson*, 23 N.C. App. 712, 714, 209 S.E.2d 503, 505 (1974) (evidence that defendant possessed tickets found on floorboard of his automobile "was sufficient to support the inference that the tickets were those used in the operation of a lottery"), *cert. denied*, 286 N.C. 417, 211 S.E.2d 798 (1975).

Here, Defendant was charged by means of a North Carolina Uniform Citation. A citation may serve as the State's pleading for a misdemeanor prosecuted in district court "unless the prosecutor files a statement of charges, or there is objection to trial on a citation." N.C. Gen. Stat. § 15A-922(a) (2011).

The citation in this case alleged that, on 11 September 2011, Defendant violated N.C. Gen. Stat. § 14-291. The handwritten statement of the offense at the bottom of the citation reads as follows: "G.S. 14-291[.] A person . . . guilty of this offense acts as an agent in this state for a lottery." However, as discussed above, the district court found Defendant guilty of violating N.C. Gen. Stat. *§ 14-290* and entered judgment on that offense.

It is well established that misdemeanor charging documents may not be amended so as to charge the defendant with committing a different crime. *See* N.C. Gen. Stat. § 15A-922(f) (2011) ("A statement of charges, criminal summons, warrant for arrest, citation, or magistrate's order may be amended at any time prior to or after final judgment *when the amendment does not change the nature of the offense charged*." (emphasis added)); *State v. Clements*, 51 N.C. App. 113, 116, 275 S.E.2d 222, 225 (1981) ("[A]n amendment to a warrant under which a defendant is charged is permissible *as long as the amended warrant does not charge the defendant with a different offense*." (emphasis added)).

Assuming, without deciding, that the original citation was sufficient to charge the commission of a criminal offense and that the procedures purportedly employed in the district court resulted in an actual amendment to the original charging instrument — subjects about which we express no opinion, the resolution of Defendant's jurisdictional argument hinges on whether a violation of N.C. Gen. Stat. § 14-290 is a different crime than a violation of N.C. Gen. Stat. § 14-291. Based on our examination and comparison of these two statutes, we conclude that amending Defendant's citation by replacing N.C. Gen. Stat. § 14-291 with N.C. Gen. Stat. § 14-290 as the charging statute would, in fact,

effectively charge Defendant with a different offense.  Instead of requiring the State to establish that Defendant was acting as a representative in the State for an illegal lottery, such an amendment would merely require proof that Defendant knowingly possessed lottery tickets in order to make out a *prima facie* violation of the statute.

Thus, given the significantly distinct elements of these two crimes, we are compelled to conclude that amending the citation to charge Defendant under § 14-290 — rather than under § 14-291 — would change the nature of the offense charged.  *See State v. Davis*, 261 N.C. 655, 656, 135 S.E.2d 663, 663 (1964) (holding that trial court could not amend warrant to change charging statute where "[e]ach of these statutes creates and defines a separate criminal offense"); *In re Davis*, 114 N.C. App. 253, 256, 441 S.E.2d 696, 698 (1994) (holding that trial court could not amend petition to charge juvenile with different offense than that originally alleged).  Therefore, even assuming that the district court did attempt to amend the citation in this manner (as was related by the prosecutor to Judge Henry shortly before the trial in superior court), such an amendment would not have been legally permissible.

Because the district court lacked legal authority to amend the citation to charge Defendant with a violation of N.C. Gen.

Stat. § 14-290, the superior court did not have jurisdiction to try Defendant for possession of tickets used in the operation of an illegal lottery in violation of that statute. Accordingly, we must vacate the superior court's judgment.[4] *See State v. Caudill*, 68 N.C. App. 268, 272, 314 S.E.2d 592, 594 (1984) (vacating judgment where superior court did not have jurisdiction because amended offense was "separate and distinct" from offense originally charged).

## Conclusion

For the reasons stated above, we vacate the trial court's judgment.

VACATED.

Judges HUNTER, JR. and ERVIN concur.

---

[4] Because we vacate Defendant's judgment for lack of jurisdiction, we need not address Defendant's remaining arguments on appeal.