IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-175

 Filed: 1 October 2019

Wake County, No. 14CR754465

STATE OF NORTH CAROLINA

 v.

BRITTANY SUE OPAL BRYANT, Defendant.

 Appeal by Defendant from an order entered on 18 September 2018 by Judge

Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 3

September 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L.
 Hyde, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas
 C. Woomer-Deters, for Defendant.

 BROOK, Judge.

 Brittany S. O. Bryant (“Defendant”) appeals from the superior court’s order

entered on 18 September 2018. Defendant argues the superior court erred in denying

her petition for writ of certiorari, which sought review of a district court order denying

her motion for appropriate relief. We agree. We therefore reverse the superior court’s

order and vacate Defendant’s conviction.

 I. Background
 STATE V. BRYANT

 Opinion of the Court

 On 6 September 2014, Defendant was cited with larceny for $14.94 worth of

merchandise (“acne toner and towelettes”) from a Wal-Mart store located in Wake

County. Specifically, the citation stated:

 The officer named below has probable cause to believe that on or about
 Saturday, the 06 day of September, 2014, at 03:08 PM in the county
 named above you did unlawfully and willfully STEAL, TAKE, AND
 CARRY AWAY (ACNE TONER AND TOWELETTES), THE
 PERSONAL PROPERTY OF (WAL-MART STORES INC.
 STORE#1372, 4500 FAYETTEVILLE RD, RALEIGH, NC 27603),
 SUCH PROPERTY HAVE A VALUE OF ($14.94). (G.S. 14-72(A)).

Pursuant to a plea agreement with the State, Defendant pleaded guilty to the

purportedly amended charge of shoplifting on 3 March 2015. The prosecutor reduced

the charge by drawing a line through the capitalized text, handwrote “Shoplifting,”

and beside the word initialed her name with the date. The trial court entered

judgment against Defendant for shoplifting by concealing merchandise—defined

under N.C. Gen. Stat. § 14.72.1(a). Defendant was sentenced to a suspended sentence

of 15 days imprisonment and placed on nine months of supervised probation.1

 1 We note that this sentence violated N.C. Gen. Stat. § 15A-1340.23(d), which states, “the
judgment for a person convicted of a Class 3 misdemeanor who has no more than three prior
convictions shall only consist of a fine.” N.C. Gen. Stat. § 15A-1340.23(d) (2017). Defendant was
convicted of shoplifting as a Class 3 misdemeanor, and the judgment notes the Defendant had only
one prior conviction. N.C. Gen. Stat. § 14.72.1(e) (2017). Thus, the sentence should have been court
costs and a fine only, and her sentence as imposed is unlawful. Defendant did not raise this issue on
appeal, however, and thus it is not before us.

 -2-
 STATE V. BRYANT

 Opinion of the Court

 On 13 August 2018, Defendant filed a motion for appropriate relief in Wake

County District Court challenging her conviction. The Honorable Louis B. Meyer

denied her motion in an order dated 12 September 2018.

 On 13 September 2018, Defendant filed a petition for writ of certiorari in Wake

County Superior Court seeking reversal of the order denying her motion for

appropriate relief. The Honorable Paul C. Ridgeway entered an order denying her

petition on 18 September 2018.

 Defendant sought review of that decision and filed a petition for writ of

certiorari in this Court, which allowed the petition on 1 October 2018.

 II. Standard of Review

 A writ of certiorari is granted or denied at the discretion of the superior court

judge, see State v. Hamrick, 110 N.C. App. 60, 65, 428 S.E.2d 830, 832-33 (1993), and

ordinarily is reviewed for abuse of discretion, see N.C. Cent. Univ. v. Taylor, 122 N.C.

App. 609, 612, 471 S.E.2d 115, 117 (1996), aff’d per curiam, 345 N.C. 630, 481 S.E.2d

83 (1997). However, Defendant’s certiorari petition alleged that the district court

lacked subject matter jurisdiction to enter judgment against her. “Whether a trial

court has subject-matter jurisdiction is a question of law, reviewed de novo on

appeal.” State v. Armstrong, 248 N.C. App. 65, 67, 786 S.E.2d 830, 832 (2016)

(quoting McKoy v. McKoy, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010)). Under

de novo review, this Court considers the matter anew and freely substitutes its own

 -3-
 STATE V. BRYANT

 Opinion of the Court

judgment for that of the lower tribunal. See State v. Williams, 362 N.C. 628, 632-33,

669 S.E.2d 290, 294 (2008) (internal marks and citations omitted).

 III. Analysis

 On appeal, Defendant argues that the district court lacked jurisdiction to enter

judgment against her because the amended citation was insufficient to charge her

with shoplifting by concealing merchandise. Specifically, Defendant argues that the

citation was improperly amended to charge a different offense in violation of N.C.

Gen. Stat. § 15A-922(f). We agree.2

 We note at the outset that a defendant who pleads guilty generally waives all

non-jurisdictional errors in the proceeding. See State v. Warren, 113 N.C. 499, 500,

18 S.E.2d 498 (1893). However, there is “abundant authority that a plea of guilty

standing alone does not waive a jurisdictional defect,” see State v. Stokes, 274 N.C.

409, 412, 163 S.E.2d 770, 772 (1968), and our Court has long recognized that subject

matter jurisdiction can be raised for the first time on appeal, see State v. Peele, 246

N.C. App. 159, 165, 783 S.E.2d 28, 33 (2016) (internal marks and citations omitted).

Thus, we can and do turn to the merits of Defendant’s argument.

 A citation is one of the seven types of pleadings that may be used to initiate a

criminal prosecution in North Carolina. N.C. Gen. Stat. § 15A-921 (2017). A properly

 2 Because we decide the amendment itself was unlawful under N.C. Gen. Stat. § 15A-922(f),
we do not reach the issue of whether the citation as amended meets the requirements of N.C. Gen.
Stat. § 15A-302(c) as articulated in State v. Jones, 371 N.C. 548, 819 S.E.2d 340 (2018).

 -4-
 STATE V. BRYANT

 Opinion of the Court

drafted criminal pleading provides the court with jurisdiction to enter judgment on

the offense charged, while certain pleading defects deprive the court of jurisdiction.

See State v. Wallace, 351 N.C. 481, 503-04, 528 S.E.2d 326, 340-41 (2000).

 “A statement of charges, criminal summons, warrant for arrest, citation, or

magistrate’s order may be amended at any time prior to or after final judgment when

the amendment does not change the nature of the offense charged.” N.C. Gen. Stat.

§ 15A-922(f) (2017). “It is well established that misdemeanor charging documents

may not be amended so as to charge the defendant with committing a different crime.”

State v. Carlton, 232 N.C. App. 62, 66, 753 S.E.2d 203, 206 (2014). In Carlton, the

defendant was initially cited for a violation of N.C. Gen. Stat. § 14-291, but ultimately

was convicted of violating N.C. Gen. Stat. § 14-290. See id. at 63, 753 S.E.2d at 204.

“Instead of requiring the State to establish that Defendant was acting as a

representative in the State for an illegal lottery,” that amendment would have

“merely require[d] proof that Defendant knowingly possessed lottery tickets in order

to make out a prima facie violation of the statute.” Id. at 66, 753 S.E.2d at 206.

 As in Carlton, the defendant here was charged via a North Carolina Uniform

Citation. When the prosecutor amended the citation in question from larceny to

shoplifting, she changed the nature of the offense charged. Larceny and shoplifting

are separate statutory offenses requiring proof of different elements. Compare State

v. Bowers, 273 N.C. 652, 655, 161 S.E.2d 11, 14 (1968) (holding a larceny requires the

 -5-
 STATE V. BRYANT

 Opinion of the Court

defendant to have had the intent to steal at the time of the taking), with State v.

Hales, 256 N.C. 27, 32, 122 S.E.2d 768, 772 (1961) (“Our shoplifting statute . . . does

not require any felonious intent or any criminal intent on the part of the person who,

without authority, willfully conceals the goods and merchandise of a store.”). Further

bearing out this point is the fact that larceny is punishable as a Class 1 misdemeanor

while shoplifting is a less serious Class 3 misdemeanor. Compare N.C. Gen. Stat.

§ 14-72(a) (2017) (making the misdemeanor offense of larceny punishable as a Class

1 misdemeanor), with id. § 14-72.1(e) (punishing a first conviction of shoplifting as a

Class 3 misdemeanor and allowing for deviation by the sentencing judge in specified

circumstances). Thus, the amendment was not legally permissible and deprived the

district court of jurisdiction to enter judgment against Defendant. See Carlton, 232

N.C. App. at 66-67, 753 S.E.2d at 206-07.3

 We therefore reverse the superior court’s order denying Defendant’s certiorari

petition and vacate the judgment entered against her. See State v. Partridge, 157

N.C. App. 568, 571, 579 S.E.2d 398, 400 (2003) (holding that when a trial court lacks

jurisdiction to allow a conviction, the appropriate remedy is to vacate the judgment

of the trial court).

 III. Conclusion

 3 The citation here was more detailed in its description of the alleged offense than was the case
in Carlton. This, however, is not determinative. See Carlton, 232 N.C. App. at 67, 753 S.E.2d at 207
(vacating judgment where court did not have jurisdiction because amended offense separate and
distinct from offense originally charged).

 -6-
 STATE V. BRYANT

 Opinion of the Court

 For the reasons stated above, we reverse the order denying Defendant’s

petition for writ of certiorari and vacate her conviction.

 VACATED.

 Chief Judge MCGEE and Judge BRYANT concur.

 -7-